FREDERICK TORRIJAS *et al.*, Plaintiffs-Appellees, v. MIDWEST STEEL ERECTION COMPANY, INC., *et al.*, Defendants-Appellants.

First District (5th Division)   Nos. 83—2886, 83—2887 cons.

Opinion filed December 21, 1984.—Rehearing denied March 6, 1985.

James T. Ferrini, Stephen D. Marcus, Henry R. Daar, and Lisa Marco Kouba, all of Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago, for appellant Figg & Muller Engineers, Inc.

French, Rogers, Kezelis & Kominiarek, of Chicago, for appellant Superior Construction Company.

Haskell & Perrin, of Chicago, for appellant Thatcher Engineering.

Wildman, Harrold, Allen & Dixon, of Chicago, for appellant Midwest Steel Erection Co., Inc.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellant Chicago Contractors Supply, Inc.

Cassidy, Schade & Gloor, of Chicago, and Edward N. Kalamaros & Associates, of South Bend, Indiana, for appellants Dyer Construction Company and Lyles & Sons Excavating & Sales, Inc.

Shepp, Hellman & Ordower, of Chicago, and Spangler, Jennings, Spangler & Dougherty, of Merrillville, Indiana, for appellant Anthes Industries.

Leonard M. Ring and Leslie J. Rosen, both of Leonard M. Ring & Associates, Jay A. Baier, Ltd., Bell, Boyd & Lloyd, Coglan, Joyce, Nellis & Kelly, Corboy & Demetrio, John D. Hayes & Associates, Ltd., Karr & Valenti, Ltd., John G. Phillips, Ltd., and Joseph A. Rosin & Associates, Ltd., all of Chicago, for appellees.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendants in the 16 cases hereinafter set forth appeal from the denial of their consolidated motions to dismiss the respective actions brought against them, which motions are based on the doctrine of *forum non conveniens.* On appeal, the issue is whether the trial court erred in denying the motions to dismiss. We reverse the trial court's order denying the motions as hereinafter set forth.

These lawsuits arise out of the collapse on April 15, 1982, of a portion of a highway ramp and extension bridge under construction in East Chicago, Indiana. Sixteen actions were brought in the circuit court of Cook County against some or all of the seven defendants to recover damages for injuries suffered by the plaintiffs or for the deaths of the decedents of some of the plaintiffs.

The 16 cases involved herein are: No. 82—L—7718, Frederick D. Torrijas v. Midwest Steel Erection Co., Inc., *et al.*; No. 82—L—8251, Linda K. Bricker v. Midwest Steel Erection Co., Inc., *et al.*; No. 82—L—8892, William and Brenda Newman v. Midwest Steel Erection Co., Inc., *et al.*; No. 82—L—9497, James and Jacqueline Brannock v. Anthes Industries, Inc., *et al.*; No. 82—L—9584, Dorothy Whitehead *et al.* v. Figg & Muller Engineers, Inc., *et al.*; No. 82—L—10412, Harold R. Warren v. Anthes Industries, Ltd., *et al.*; No. 82—L—11191, Betty Elkins v. Anthes Industries, Inc., *et al.*; No. 82—L—11363, Carolyn K. Pegg v. Anthes Industries, Inc., *et al.*; No. 82—L—11484, Edith Chester v. Anthes Industries, Inc., *et al.*; No. 82—L—11927, Donald and Colleen Hanft v. Anthes Industries, Inc., *et al.*; No. 82—L—12007, Mark and Shelley Mays v. Anthes Industries, Inc., *et al.*; No. 82—L—12066, Charles and Elizabeth Calhoun v. Anthes Industries, Inc., *et al.*; No. 82—L—12119, M. Louis and Willette Cloutier v. Anthes Industries, Inc., *et al.*; No. 82—L—13774, Kevin and Stacy Riley v. Anthes Industries, Inc., *et al.*; No. 82—L—14170, Patricia O'Connor v. Anthes Industries, Inc., *et al.*; No. 82—L—19124, David S. and Eileen M. Nelson v. Anthes Industries, Inc., *et al.*

These lawsuits were consolidated for the purpose of the disposition of the several defendants' motions to dismiss based on the doctrine of *forum non conveniens.* The trial court denied the motions giv-

ing no reasons for its ruling. Thereafter, this court granted defendants leave to appeal the trial court's denial of the motions pursuant to Supreme Court Rule 306 (87 Ill. 2d R. 306).

Plaintiffs allege that Anthes Industries, Ltd., a Canadian corporation, and Chicago Contractors Supply Company, an Illinois corporation, designed and supplied defective steel scaffolding to Superior Construction Company, Inc. (Superior). Superior, an Indiana corporation, was the general contractor on the project and the employer of several of the plaintiffs or their decedents. Figg & Muller Engineers, Inc., a Florida corporation doing business in Illinois, subcontracted with Superior for the redesign of certain portions of the ramp. Midwest Construction Company, Inc., an Illinois corporation, also subcontracted with Superior for a portion of the construction of the ramp. Thatcher Engineering Corporation, an Indiana corporation conducting business in Illinois, supplied the tools and some manpower for the project. Lastly, Dyer Construction Company, an Indiana corporation doing business in Illinois, performed excavation work prior to the laying of the foundation for the ramp.

The plaintiffs involved in this litigation are residents of Indiana, with the exception of one plaintiff who is a resident of Missouri. All of the lay and medical witnesses to the occurrence reside in Indiana. The only connections with Illinois are: five of the defendants are either incorporated in or doing business in the State, physicians treating five of the plaintiffs are located in Illinois, plaintiffs' lawyers' offices are in Illinois, and several expert witnesses reside there.

OPINION

The issue presented for our consideration is whether the trial court abused its discretion in denying defendants' motion to dismiss based on the doctrine of *forum non conveniens.*

The trial court has broad discretion in deciding whether a case should be dismissed based upon *forum non conveniens. (Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 81-83, 457 N.E.2d 417.) On review, the only consideration is whether the trial court's decision constituted an abuse of discretion and not whether the reviewing court would have resolved the issue in the same manner as the trial court. 99 Ill. 2d 73, 83, 457 N.E.2d 417.

The doctrine of *forum non conveniens* assumes the existence of at least two forums in which the controversy may be litigated. *(Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76, 457 N.E.2d 417; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 371, 444 N.E.2d 157.) The application of this doctrine, therefore, fo-

cuses on the relative convenience of the available forums. *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 376, 382, 466 N.E.2d 198; *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729, *cert. denied* (1976), 424 U.S. 943, 47 L. Ed. 2d 349, 96 S. Ct. 1411.

In *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, the United States Supreme Court enunciated the relevant interests, both private and public, which must be balanced in determining the most convenient forum. The private interest factors include the ease of access to sources of proof, the availability of compulsory process to secure the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of a view of the site of the occurrence, and the convenience of the parties. Factors of public interest requiring consideration are the imposition of jury service on the residents of the community, the congestion of the court dockets, the need to apply the law of a foreign jurisdiction, and the interest in having local controversies decided at home. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843; see, *e.g., Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729, *cert. denied* (1976), 424 U.S. 943, 47 L. Ed. 2d 349, 96 S. Ct. 1411.) After balancing these factors, the court may decline to exercise jurisdiction when it finds that the litigation may be conducted more conveniently in another forum. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76, 457 N.E.2d 417; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364-65, 456 N.E.2d 98.) The Illinois Supreme Court has recognized that unless these factors weigh heavily in favor of the defendant, the plaintiff's choice of forum should not be disturbed. *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 119, 427 N.E.2d 111.

In support of their motion to dismiss, defendants contend that all of the relevant contacts with this litigation are located in Indiana. Defendants argue that Indiana is the site of the occurrence, the residence of the occurrence and immediate post-occurrence witnesses, the residence of all but one of the plaintiffs, none of whom reside in Illinois, and the location of physical evidence such as medical records and jobsite materials.

Plaintiffs argue that their choice of forum should not be disturbed. They also argue that Illinois is the residence of experts retained by both parties and of physicians who have treated or are treating five of the plaintiffs.

■ Although plaintiff's choice of forum is an important factor,

when the plaintiff is foreign to the chosen forum, plaintiff's choice is accorded less deference. (See *Weiser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 367, 456 N.E.2d 98; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 378, 444 N.E.2d 157.) Here, none of the plaintiffs are residents of Illinois. One plaintiff resides in Missouri, and the remaining 15 plaintiffs are Indiana residents. In these circumstances, we attach little significance to plaintiff's choice to sue in Cook County.

■ The location of witnesses and the ease of access to sources of proof are important private interest factors to be considered. Plaintiffs point to the location of experts and treating physicians in Illinois as an important factual connection. We disagree. These experts were selected by the parties after the occurrence. If an expert's residence is allowed to control, plaintiffs could easily circumvent the doctrine by selecting experts who reside in the forum in which they wish to sue. (*Daugherty v. Inland Tugs Co.* (1976), 240 Pa. Super. 527, 359 A.2d 465; *Norman v. Norfolk & Western Ry. Co.* (1974), 228 Pa. Super. 319, 323 A.2d 850.) Defendants maintain that all of the occurrence and immediate post-occurrence witnesses reside in Indiana and that they are not subject to compulsory process in Illinois. Plaintiffs correctly argue that there is no reason to call some of these potential witnesses such as the Lake County coroner. Other witnesses, however, for example on-site resident engineers employed by the State of Indiana, will likely be called to testify. Although these witnesses could be deposed, deposition testimony is not viewed as a satisfactory alternative to live testimony. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 374, 444 N.E.2d 157.) Because physical evidence, specifically medical records and materials removed from the site, is stored in various cities in Indiana, Cook County would not provide the forum with the easiest access to these sources of proof. Thus, Indiana would be the more convenient forum for obtaining the attendance of witnesses and access to necessary physical evidence.

■ We note that two of the defendants are incorporated in Illinois and that several of the defendants do business in the State. Because it is assumed that both courts have jurisdiction over the defendant, the fact that a defendant does business in the State is not dispositive when considering a motion to dismiss on the basis of *forum non conveniens*. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 515, 301 N.E.2d 729, *cert. denied* (1976), 424 U.S. 943, 47 L. Ed. 2d 349, 96 S. Ct. 1411; see also *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 79, 457 N.E.2d 417.) Similarly, we attach no particular importance to the

location of plaintiffs' counsel in Illinois. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1063, 67 S. Ct. 839, 843; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 368, 456 N.E.2d 98.

The feasibility of a jury view of the site of the occurrence must also be taken into account. Plaintiffs contend that because the collapsed ramp has been removed and a new ramp is operating in its place, photographs will be relied on at trial. Trial of this cause in Indiana making a jury view of the site feasible, therefore, would be of no benefit. Due to this circumstance, we agree that this factor weighs against defendants' motion. It is, however, one of many factors to be weighed and the only private interest factor which we find balancing in plaintiffs' favor.

■ The condition of the dockets of the forum court, the burden of jury duty on members of the community, the interest in having local controversies decided at home, and the need to apply the law of a foreign jurisdiction are public interests requiring review. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.) The crowded condition of the dockets of the circuit court of Cook County has been recognized by our supreme court. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375, 444 N.E.2d 157; see *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 6, 273 N.E.2d 353.) We are of the opinion that the addition of numerous lawsuits having little or no relation to Cook County constitutes an overwhelmingly heavy burden on the already overcrowded Cook County court system and on the people of this community who would be called upon to serve as jurors. Additionally, although Illinois law serves as the basis for some of plaintiffs' allegations, Indiana law will also be applied in this litigation. The need to apply the law of a foreign jurisdiction is a significant factor favoring dismissal on the basis of *forum non conveniens*. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 80, 457 N.E.2d 417.) We find that the public interest factors weigh in defendants' favor.

Plaintiffs cite *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417, in support of their argument that Cook County is the more convenient forum. Though factually similar, in *Moore* we find relevant connections with Cook County which are absent in the instant case. In *Moore,* some 50 witnesses were residents of Illinois, obviating the problem present in this case of the unavailability of compulsory process on nonresident witnesses. Further, necessary medical evidence was there located in Illinois. For these reasons, we do not find *Moore* controlling.

Under the facts and circumstances of this case, we are of the opinion that the relevant factors to be considered when reviewing a motion to dismiss based on *forum non conveniens* favor the defendant. We therefore find that the trial court abused its discretion in denying defendants' motions to dismiss. Accordingly, we reverse the order denying the consolidated motions to dismiss the 16 actions herein and remand for further proceedings consistent with this opinion.

Since the time limitations involved in certain of these cases may have run, this disposition is conditioned on the defendants' waiver of the statute of limitations, or similar defense, when the particular cause is transferred to another forum. (*Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 385, 466 N.E.2d 198.) This disposition with the foregoing condition is applicable individually and severally to each case herein. If the defendant or defendants in any case involved herein refuse to waive the limitations defense, then in such instance plaintiff shall be given leave to reinstate that particular cause in the circuit court of Cook County.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.