THERESA BOSTON *et al.*, Plaintiffs-Appellees, v. ROCKFORD MEMO-RIAL HOSPITAL *et al.*, Defendants-Appellants (American Hospital Supply Corporation, Defendant).—DESSIE WILLIAMS, Plaintiff-Appellee, v. ROCKFORD MEMORIAL HOSPITAL *et al.*, Defendants-Appellants (Fred Nathan, M.D., *et al.*, Defendants).

First District (2nd Division)   Nos. 84—1973, 84—2138, 84—2626 cons.

Opinion filed February 4, 1986.

Lord, Bissell & Brook, of Chicago (Williams P. Dorr, Hugh C. Griffin, and Diane I. Jennings, of counsel), for appellant F. N. Suma.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Richard G. French and Russell P. Veldenz, of counsel), for appellant Rockford Memorial Hospital.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and Sara E. Cook, of counsel), for appellant J. T. Posey Corporation.

Goldberg & Goldberg, of Chicago (John B. Schwartz and Annelie D. Palmer, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Three petitions have been consolidated for this court's opinion. These petitions arise from two circuit court cases. In each case, the defendants' motions to dismiss the action on the grounds of *forum non conveniens* were denied by the trial court. Certain defendants in each case sought review of the trial court's ruling pursuant to Supreme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)). Exercising its discretion under the rule, this court granted the petitions.

On April 2, 1984, plaintiffs Theresa and Walter Boston (the Bostons), filed their complaint at law naming Rockford Memorial Hospital (Rockford Memorial), F. Suma, M.D. (Suma) and the Posey Corporation as defendants. A first amended complaint added American Hospital Supply Corporation (American) as a defendant, and a second amended complaint named J. T. Posey (Posey) as an additional defendant. The Posey Corporation was later dismissed from the lawsuit as an erroneously named defendant.

The Bostons alleged that Theresa Boston was treated at Rockford Memorial in Rockford for a total left knee arthoplasty. During the treatment a leather cuff restraint was placed on her left foot, allegedly causing a full thickness pressure ulcer which required surgery. Theresa Boston alleged medical malpractice claims against Rockford Memorial and Suma and product liability claims against American and Posey. Walter Boston alleged a consortium count against all defendants.

Rockford Memorial moved on May 3, 1984, to transfer venue to Winnebago County. Suma moved on June 1, 1984, to transfer venue to Winnebago County. There, they asserted, the cause of action arose, the plaintiffs reside, Rockford Memorial is located and Suma resides and practices. The motions established that all care and treatment of

Theresa Boston occurred in Winnebago County and was provided by hospital personnel and physicians who live and work in a county other than Cook. While Posey Corporation may have had offices in Cook County, no actions or omissions alleged in the complaint took place in Cook and all witnesses and material facts for the presentation of evidence were in Winnebago County. The Bostons responded that American and Posey were doing business in Cook County and that plaintiffs should be allowed to exercise their choice of forum because the factors articulated in *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, did not strongly favor the defendants. The trial court denied the defendants' motions.

Posey later also moved to transfer venue to Winnebago County, repeating many of the same matters demonstrated by Rockford Memorial's and Suma's motions. Additionally, Posey established that the individuals involved in treatment of plaintiff's ankle included five physicians, all of whom practiced in Winnebago County. Posey also demonstrated by affidavit filed with the motion that it is a California corporation whose operations are centralized in California, and that its only facility in Illinois is a Chicago warehouse used as a shipping depot and employing only clerical personnel. The trial court denied the motion to transfer venue.

On January 19, 1984, plaintiff Dessie Williams filed her complaint at law naming Dr. Nathan, Dr. Krohm, the Rockford Orthopedic Associates, Ltd. (Associates), Rockford Memorial, and American as defendants. She alleged that on January 20, 1982, Dr. Nathan treated her fractured left humerus and that, following surgery, she had neurological damage to her left arm, hand, wrist and fingers. She alleged medical malpractice claims against the defendant doctors, Associates and Rockford Memorial. She alleged product liability claims against American.

On May 3, 1984, defendants Rockford Memorial and Krohm moved to transfer venue to Winnebago County on the grounds of *forum non conveniens*. Their motions established that Krohm resided and worked only in McHenry County, that defendants Nathan and Associates were located only in Winnebago County and that plaintiff resided in Winnebago County. Rockford Memorial and Krohm asserted that all medical treatment alleged in the complaint took place in Rockford Memorial and was provided by hospital personnel and physicians who live and work in a county other than Cook. Nothing referred to in plaintiff's complaint took place in Cook County and no actions or omissions alleged in the complaint took place in Cook, although American was served there. The Krohm motion was supported by affidavit

and by a memorandum of American's. Williams responded that American was a resident of Cook County and that the factors set forth in *Torres* did not strongly favor defendants. After hearing oral arguments on the matter, the trial court denied defendants' motions, finding the factors to be weighed under the *forum non conveniens* rationale did not strongly favor the defendants.

Before discussing the merits of the case, we address the Boston's motion to strike from defendant Posey's brief an appendix containing statistics of the cases pending and disposed of in Cook and Winnebago Counties in 1983. The information is excerpted from the 1983 report prepared by the Director of the Administrative Office of the Illinois Courts. The Bostons contend that since the appendix was neither filed in the trial court nor incorporated by reference in the trial court's order denying defendants' motions to transfer venue, it is matter dehors the record of which this court may not take notice.

■ However, an appellate court may take judicial notice of matters not previously presented to the trial court when the matters are capable of instant and unquestionable demonstration. (*May Department Stores Co. v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 159, 355 N.E.2d 7.) Our supreme court has held that the condition of a circuit court docket is "not a fact difficult of ascertainment and [is] a matter of which the circuit court could properly take judicial notice. The pertinent reports are on file in the office of the Court Administrator ***." (*Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 6, 273 N.E.2d 353, 356.) Therefore, we deny the Bostons' motion to strike and take judicial notice of the appendix and its contents.

■ The primary issue to be considered is whether the trial court abused its discretion when it denied the defendants' motions to transfer venue based on the doctrine of *forum non conveniens*. Defendants contend that the central purpose of the doctrine is to assure the convenience of the litigants and that the sum of factors to be evaluated in a *forum non conveniens* inquiry here strongly weighs in favor of transfer to Winnebago County. Indeed, under *forum non conveniens* a court may decline to exercise jurisdiction over a case properly before it whenever another forum can better serve the convenience of the litigants and promote the ends of justice. (*Horn v. Rincker* (1981), 84 Ill. 2d 139, 149, 417 N.E.2d 1329.) The inquiry therefore centers upon which of multiple available forums is most convenient under the facts of the case. (*Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 117, 427 N.E.2d 111.) Under *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, which made the principles of interstate *forum*

*non conveniens* applicable to intrastate transfers, convenience is measured by considering the availability of an alternate forum, the access to sources of proof, the accessibility of witnesses, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets, and the convenience of the parties. In an interstate context, our supreme court has added as a factor to be weighed in considering the motion a defendant's delay in asking the circuit court to decline jurisdiction on the basis of *forum non conveniens. (Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 146, 478 N.E.2d 384.) If these factors strongly favor the defendant, the trial court has the authority to order the case to a more appropriate forum (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601) and denying defendant's motion will constitute an abuse of discretion reversible on review. *Stein v. Volkswagen of America, Inc.* (1985), 135 Ill. App. 3d 127, 132, 481 N.E.2d 1022; *DeVries v. Bankers Life Co.* (1984), 128 Ill. App. 3d 647, 655, 471 N.E.2d 230.

Plaintiffs argue that the trial court's ruling should not be disturbed because their choice of forum should be respected unless highly exceptional circumstances warrant "the extraordinary procedure" of a change of venue, that defendants have failed to show such circumstances and that Cook County is an appropriate forum because American and Posey do business there. Although the *Torres* court stated that the decision of *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, recognized that the doctrine of *forum non conveniens* should be exercised only in exceptional circumstances (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 345, 456 N.E.2d 601), we do not find that plaintiff's hyperbole reflects either the approach of *Torres* or current applications of the doctrine. The many factors enunciated in *Torres* were not intended to be barriers to a defendant's invocation of *forum non conveniens*, but instead, encourage thorough "considerations of fundamental fairness and *** effective judicial administration." (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729, *cert. denied* (1976), 424 U.S. 943, 47 N.E.2d 349, 96 S. Ct. 1411.) The factors promote the purpose of the doctrine, which is to avoid litigation in an unduly inconvenient forum. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 377, 444 N.E.2d 157.) Thus, we do not believe that exceptional circumstances were intended to be extraordinarily difficult for a defendant to establish. This is not to say that a plaintiff's right to select a forum should be disturbed if the balance of factors does not strongly favor defendant. But a plaintiff's choice of forum is not absolute and is given less deference when, as here, his choice is not his home fo-

rum. (*Foster v. Chicago & Northwestern Transportation Co.* (1984), 102 Ill. 2d 378, 383, 466 N.E.2d 198; *W. R. Grace & Co. v. Becker Industries, Inc.* (1984), 128 Ill. App. 3d 215, 222, 470 N.E.2d 577.) Plaintiffs take a calculated risk of reversal when they pursue a foreign forum in the face of a motion to dismiss or transfer. *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 86, 463 N.E.2d 792.

■ Finally, we are not persuaded by plaintiffs' contention that there is a significant relationship between the litigation and Cook County because American and Posey do business in that forum. The fact that a defendant may be doing business in the forum is not dispositive in determining a motion to dismiss based on *forum non conveniens*. (*Moore v. Chicago & Northwestern Transportation Co.* (1983), 99 Ill. 2d 73, 79, 457 N.E.2d 417; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 372, 456 N.E.2d 98; *Torrijas v. Midwest Steel Erection Co.* (1984), 130 Ill. App. 3d 788, 793, 474 N.E.2d 1250.) If it were, the defendant would be subject to suit in a forum regardless of the inconvenience. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 377, 444 N.E.2d 157.) While the activities in Cook County constitute a basis for jurisdiction and venue, the doctrine requires this court to look beyond the criteria of venue when it evaluates the relative convenience of each available competing forum. *Foster v. Chicago & Northwestern Transportation Co.* (1984), 102 Ill. 2d 378, 384, 466 N.E.2d 198.

■ Applying the factors in *Torres*, we find that the trial court abused its discretion in denying defendants' motions to transfer. The record reflects that the only connection between this litigation and Cook County is that two of the defendants, American and Posey, have business activities there. An analysis of the relevant factors strongly favors defendants' choice of forum, while no factors favor plaintiffs' choice.

First, as plaintiffs' home forum and the location where the causes of action arose, Winnebago County is an available alternate forum. Second, access to sources of proof strongly favors defendants, since the medical records relevant to the malpractice claims and the documents prepared by the physicians, nurses and health professionals practicing in Rockford and in Rockford Memorial relevant to the products liability claims, are located in Winnebago County. While the plaintiffs argue that the evidence in Winnebago County is easily accessible and easily may be carried to Cook County, there appears to be only one piece of evidence, the retractor used on Williams, located in Cook. Third, all of the occurrence witnesses and subsequent treat-

ing medical personnel reside in or near Winnebago County and are most conveniently accessible there. To adequately defend these actions, defendants must seek knowledge of plaintiffs' pre-existing medical conditions, knowledge of each treating doctor concerning the allegedly defective devices and their uses with plaintiffs, the nature of the medical treatment given and the nature of the injuries allegedly incurred. Since nonparty witnesses cannot be compelled to appear for depositions outside the county of their residence or business (87 Ill. 2d R. 203), counsel will have to travel to Rockford for depositions. Also, trial testimony of medical personnel will likely be more difficult to arrange in light of the commuting time to Cook County from Rockford. Although plaintiffs minimize the three-hour round trip drive from Chicago to Rockford, they have not suggested a single witness from Cook County who might be called. Assuming, however, that these witnesses would be American and Posey employees, they could be compelled to appear in Winnebago County.

Fourth, plaintiffs' suggestion that they would receive a more fair trial in Cook County because there would be less bias in a larger jury pool is totally unfounded. Since there is no reason to believe plaintiffs would be prejudiced in submitting to the decision of a Winnebago County jury, this is a neutral factor. Fifth, the crowded condition of the Cook County docket strongly favors transfer of the litigation to Winnebago County. Judicial notice has frequently been taken of the crowded condition of the dockets of the circuit court of Cook County. (*Moore v. Chicago & Northwestern Transportation Co.* (1983), 99 Ill. 2d 73, 81, 457 N.E.2d 417; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375, 444 N.E.2d 157; *Walker v. Iowa Marine Repair Corp.* (1985), 132 Ill. App. 3d 621, 631, 477 N.E.2d 1335; *DeVries v. Bankers Life Co.* (1984), 128 Ill. App. 3d 647, 654, 471 N.E.2d 230.) Statistics prepared by the Administrative Office of the Illinois Courts indicate that Winnebago County is less congested. Moreover, the citizens of Cook County do not have an interest in deciding this lawsuit which arose from an occurrence in Winnebago County, and they should not have to bear the time and financial burden of deciding the matter. (See *Torrijas v. Midwest Steel Erection Co.* (1984), 130 Ill. App. 3d 788, 794, 474 N.E.2d 1250.) The inconvenience to defendants to defend this action in Cook County measured against the convenience of plaintiffs in choosing to litigate in a foreign forum strongly favors transfer to Winnebago County. Finally, we note that defendants did not delay bringing their petitions for transfer, so that, if the *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 478 N.E.2d 384, factor applies to intrastate transfer, it is here a neutral factor.

Therefore, we find that the trial court abused its discretion in denying defendant's motion to transfer, and we reverse that order. We remand this cause to the trial court with an instruction to order a transfer to Winnebago County.

Reversed and remanded.

BILANDIC, P.J., and SCARIANO, J., concur.