MARY COONEY, Indiv. and as Adm'x of the Estate of James L. Cooney, Deceased, Plaintiff-Appellant, v. ILLINOIS CENTRAL GULF RAILROAD, Defendant-Appellee.

First District (4th Division)   No. 86—3552

Opinion filed November 5, 1987.—Rehearing denied December 9, 1987.

Kevin M. Forde, Ltd., of Chicago (Kevin M. Forde and Mary Anne Mason, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas F. Tobin,

Paul B. O'Flaherty, Jr., Richard B. Foster III, and Donald J. Hayden, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff Mary Cooney, individually and as administratrix of the estate of James L. Cooney, commenced a wrongful death action against the defendant, Illinois Central Gulf Railroad, in the circuit court of Cook County. The trial court granted the defendant's motion to transfer this cause to La Salle County premised upon the doctrine of *forum non conveniens,* and we granted plaintiff's request to review the circuit court's order. (107 Ill. 2d R. 306(a)(1)(ii).) On appeal, the sole issue presented for our review is whether the circuit court abused its discretion in granting the defendant's motion to transfer.

On May 8, 1984, a vehicle operated by the plaintiff's decedent, James L. Cooney, a La Salle County resident, was struck by the defendant's train while driving across a rural railroad crossing near Lostant, Illinois, in La Salle County. Cooney initially was treated at a hospital located in Streator, Illinois (La Salle County), but was subsequently transferred to Saint Francis Hospital in Peoria, Illinois (Peoria County). On June 4, 1984, James Cooney died in St. Francis Hospital as a result of the injuries he sustained in the accident. Sixteen months later, the plaintiff, decedent's sister and a La Salle County resident, filed a wrongful death action against the defendant in the circuit court of Cook County seeking damages for loss of society as well as pecuniary damages. Venue was proper in Cook County because the defendant transacts business and maintains its principal place of business here. Ill. Rev. Stat. 1985, ch. 110, par. 2—101.

Initial discovery conducted by the parties revealed that: (1) the crew members aboard the defendant's train at the time of the occurrence reside in Clinton and Freeport, Illinois (Stevenson County), and (2) the defendant's corporate records concerning the accident, personnel aboard the train, prior accidents at the site, and subsequent remedial measures were located in Chicago, Illinois (Cook County). On March 14, 1986, defendant filed a motion to transfer this cause from Cook to La Salle County, Illinois. The defendant contended that this cause could be more conveniently tried in La Salle County because La Salle County was the situs of the occurrence, and the residence of both the plaintiff and decedent. Further, defendant contended that the convenience of a La Salle County forum is supported by the fact that the emergency and police personnel as well as occurrence and post-occurrence witnesses other than the railroad crew would most

likely be located in and near La Salle County; members of the train crew all resided in Stevenson County, which was easily accessible to La Salle County, and the plaintiff's decedent was treated for injuries in La Salle County prior to being transferred to Saint Francis Hospital in Peoria County. The plaintiff responded, arguing that there were no compelling factors which weighed in favor of transferring this case to La Salle County. Relying on *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745, the plaintiff argued at the hearing on defendant's motion that the factual connections are evenly distributed among Cook, La Salle, Stevenson and Peoria Counties and, thus, denial of defendant's *forum non conveniens* motion was proper because the factors must strongly favor the defendant before the plaintiff's choice of forum will be defeated. Thereafter, the trial court granted the defendant's motion to transfer this cause to La Salle County. On appeal, the plaintiff contends that the trial court abused its discretion in granting defendant's motion to transfer this cause where the relevant factors do not strongly favor a La Salle County forum.

■ *Forum non conveniens* is an equitable doctrine which presupposes the existence of more than one forum with jurisdiction over the parties and subject matter. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291.) It is well settled that under the doctrine a court may decline to exercise jurisdiction over a cause properly before it whenever another forum can better serve the convenience of the litigants and promote the ends of justice. (*Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 972, 489 N.E.2d 429, 432.) "The inquiry, therefore, centers upon which of multiple available forums is most convenient under the facts of the case. [Citation.] Under *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, which made the principles of interstate *forum non conveniens* applicable to intrastate transfers, convenience is measured by considering the availability of an alternative forum, and access to sources of proof, the accessibility of witnesses, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets, and the convenience of the parties." *Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 972-73, 489 N.E.2d 429, 432.

■ Applying the factors enunciated in *Torres* to the facts presented in the instant case, we conclude that they strongly favor the defendant's choice of forum and that the trial court did not abuse its discretion in granting defendant's motion. First, La Salle County, the situs of the occurrence and the residence of both the plaintiff and decedent, is an available alternative forum. (Ill. Rev. Stat. 1985, ch. 110,

par. 2—101.) Second, it is undisputed that the defendant's corporate records relevant to the accident, the personnel aboard the train, prior accidents at the site, and subsequent remedial measures taken by the defendant are all located in Cook County. However, police and fire department records relevant to the accident are located in La Salle County, while the medical records relevant to the treatment incident to the occurrence are located in both La Salle and Peoria Counties. Although the plaintiff contends that the location of the defendant's records favors plaintiff's choice of forum, we find that this factor is neutral. Third, the plaintiff and decedent both resided in La Salle County, while the defendant has a principal place of business in Cook County. Witnesses to the accident reside in Stevenson and La Salle Counties. Witnesses likely to be called at trial include the medical personnel who treated the defendant in La Salle and Peoria Counties and the occurrence witnesses alluded to earlier. Fourth, considering that the defendant transacts business within La Salle County, that many prospective witnesses live in La Salle County, that defendant's employees have easy access to La Salle County, and that medical personnel in Peoria County will find it easier to travel to Ottawa, Illinois, instead of Chicago, the accessibility of a La Salle County forum appears eased in comparison to a Cook County forum. Fifth, the crowded condition of the Cook County court docket strongly favors transfer of the litigation to the La Salle County courts. *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 81, 457 N.E.2d 417, 420-21; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375, 444 N.E.2d 157, 161; *Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 975, 489 N.E.2d 429, 434.

Plaintiff contends that an analysis of the *Torres* factors reveals that the factual connections are evenly distributed among Cook, La Salle, Stevenson and Peoria Counties. Plaintiff, relying on *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745, alleges that where there is not a predominance of connections to any one county, denial of a *forum non conveniens* motion is proper because the factors must strongly favor the defendant before her choice of forum will be defeated.

■ It is well settled that the plaintiff's right to select a forum is a substantial one (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 225, 506 N.E.2d 1291, 1295); however, where the plaintiff elects to commence a lawsuit outside of his or her home forum, a court may more readily decline to exercise jurisdiction. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 228, 506 N.E.2d 1291, 1296.) In *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 255-56, 70

L. Ed. 2d 419, 436, 102 S. Ct. 252, 266, the Court observed:

> "When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign [to the forum chosen], however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."

(See also *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 490 N.E.2d 694; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370.) In *Meyers*, the Illinois Supreme Court affirmed the trial court's denial of a motion to transfer. The factual connections were evenly distributed between Cook County and contiguous collar counties, McHenry, Lake, and Kane. The court found no predominance of connections in any one of the counties. More important, the court concluded that not one of the parties was significantly inconvenienced since all witnesses and sources of proof were easily accessible in the adjacent collar counties.

In the instant case, unlike *Meyers*, the factual connections are not evenly distributed among Cook, Stevenson, Peoria and La Salle Counties. Conversely, a plethora of the factors to be considered point to La Salle County as the appropriate forum. A La Salle County forum provides ease of access to crucial witnesses, will not inhibit access to sources of proof, and will not unfairly burden a jurisdiction which has no interest or connection with the litigation. *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370.

■ The determination of whether the particular circumstances warrant dismissal of a complaint on the ground of *forum non conveniens* is entrusted to the discretion of the trial court, and its decision will not be set aside absent an abuse of discretion. In the instant case we find that the trial court exercised sound judgment. The inconvenience to the defendant to defend this action in Cook County measured against the convenience of the plaintiff's choosing to litigate in a foreign forum (see *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 466 N.E.2d 198; *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 463 N.E.2d 792) strongly favors transfer to La Salle County.

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW, P.J., and JOHNSON, J., concur.