ALFRED SCHOON, Plaintiff-Appellee, v. JOHN HILL *et al.*, Defendants (John Hill, Third-Party Plaintiff; Drekmeier Drug Company, Third-Party Defendant-Appellant).

First District (2nd Division) No. 1—89—0560

Opinion filed December 4, 1990.—Rehearing denied February 5, 1991—Modified opinion filed February 13, 1991.

Francis J. Leyhane III and Mark E. Condon, both of Condon, Cook & Roche, of Chicago, for appellant.

Barth H. Goldberg, of Goldberg & Goldberg, and David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky and Linda A. Bryceland, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff Alfred Schoon filed suit against defendant John Hill, M.D., and defendant Upjohn Company (Upjohn) alleging medical malpractice, negligence, and products liability. Four years after the complaint was filed, Dr. Hill brought a third-party action against Drekmeier Drug Company (Drekmeier), a Wisconsin pharmacy. Within 90 days after the last day allowed for the filing of its answer, Drekmeier filed a motion to dismiss or transfer based on the doctrine of *forum non conveniens*. The circuit court denied the motion, and from this order Drekmeier appeals, raising the issue whether the circuit court abused its discretion in denying its motion to dismiss or transfer pursuant to the doctrine of *forum non conveniens*.

From May 2, 1962, until December 11, 1982, Dr. Hill, a general practitioner, was Schoon's doctor. Sometime during this period, Dr. Hill diagnosed Schoon as suffering from rheumatoid arthritis and prescribed Medrol, a steroid drug manufactured by Upjohn. Schoon used the drug Medrol as prescribed by Dr. Hill.

In 1984, Schoon filed a three-count complaint against Dr. Hill and Upjohn alleging that Dr. Hill had negligently prescribed and administered Medrol, that UpJohn was negligent in the manufacture of Medrol, and that Medrol was an unreasonably dangerous drug.

On July 15, 1988, Dr. Hill filed a third-party complaint against Drekmeier, a Beloit, Wisconsin, pharmacy. Dr. Hill alleged that Drekmeier had sold Medrol to Schoon from July 1, 1972, through December 28, 1982. He further alleged that Drekmeier had dispensed Medrol to Schoon after the prescription had run out, had failed to monitor the administration of the drug, and had failed to warn Schoon of the risks associated with the use of the drug.

On November 1, 1988, Drekmeier filed a motion to dismiss or transfer the case pursuant to the doctrine of *forum non conveniens*. Drekmeier sought to have the matter transferred from Cook County to either Rock County, Wisconsin, where Drekmeier's place of business was located, or to McHenry County, Illinois, where Dr. Hill resided and practiced. In support of its motion, Drekmeier offered Schoon's answers to Dr. Hill's and Upjohn's interrogatories.

In his answers to the interrogatories, Schoon stated that he resides at 10650 Pearl Street, in Roscoe, Illinois, which is in Winnebago County. Previously, Schoon resided in Caledonia, Illinois, which is in Boone County. Schoon also stated that, in addition to himself and his wife, Dr. Austad of the Monroe Clinic in Monroe, Wisconsin; Dr. Andrea Dlesk of Marshfield, Wisconsin; and Dr. Kryda of Marshfield, Wisconsin, were witnesses to the alleged occurrence giving rise to

this litigation. Moreover, Schoon listed a number of persons, many of them relatives, who had knowledge of the issues of liability or damages.[1] Included in this list was Dr. Druchery of the Beloit Clinic in Beloit, Wisconsin.

In addition, Schoon stated that he had been treated for the injuries alleged in the complaint at St. Clair Hospital in Monroe, Wisconsin; at the Monroe Clinic in Monroe, Wisconsin; and at the Marshfield Clinic in Marshfield, Wisconsin. The attending physicians at these hospitals were Dr. Austad, Dr. Dlesk, and Dr. Kryda, all Wisconsin physicians.

On January 31, 1989, a hearing was held to consider Drekmeier's *forum non conveniens* motion. Drekmeier argued at the hearing that because of the extensive contacts with Wisconsin and counties outside of Cook, venue would be proper elsewhere. Moreover, Drekmeier argued that the only contact which the case had to Cook County was that Schoon's attorney had offices in Cook. In response to Drekmeier's argument, the circuit court asked, "What about the fact that this Court's been working on the case since 1984?" Drekmeier responded that it was only recently brought into the case and consequently it was not Drekmeier's responsibility that the case had been pending for so long in Cook County. Drekmeier argued that the amount of time the case had been pending prior to its entry into the case should not be taken into consideration when ruling upon a *forum non conveniens* motion.

The circuit court, however, denied the motion to transfer pursuant to *forum non conveniens*, stating:

"I think it's unfair for the Plaintiff to have been here and have been sitting for the past four years and now at this late date—I realize that I have to strike a balance between the Plaintiff, who had been here for four years, and you, who has just come into the case. But I think judicial economy is suggested."

From the order denying Drekmeier's motion to dismiss or transfer, we allowed Drekmeier's petition for leave to appeal (107 Ill. 2d R. 306(a)(1)(ii)).

Drekemeier contends that the circuit court abused its discretion in denying the motion to dismiss or transfer pursuant to *forum non conveniens*. Specifically, Drekemeier contends that the court improperly considered the length of time the case had been pending in Cook County before Drekmeier was joined. According to Drekmeier, the

---

[1]Although the interrogatory requested the addresses of these persons, Schoon did not provide addresses in his answer.

court's consideration of the time factor foreclosed, before Drekmeier was even joined as a party, Drekmeier's right under Illinois Supreme Court Rule 187 (107 Ill. 2d R. 187) to have the case heard in a convenient forum.

■ Although broad discretion is vested in the circuit court to determine whether dismissal on the grounds of *forum non conveniens* is warranted, its decision will be reversed on appeal if its discretion was abused. (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745.) The proper inquiry analyzes the relative convenience of the forum, and in this regard certain factors, involving the private interests of the litigants as well as the public interest, must be balanced by the circuit court in ruling on a *forum non conveniens* motion. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.

■ Factors relating to the private interests of the litigants include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.

■ Public interest factors affecting the administration of the courts include the difficulties flowing from court congestion; a local interest in having localized controversies decided at home; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1063, 67 S. Ct. 839, 843. See also *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745; *Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 489 N.E.2d 429; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 444 N.E.2d 157; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 427 N.E.2d 111.

■ A further consideration under the *forum non conveniens* doctrine is deference to plaintiff's choice of forum. Although a plaintiff's choice of forum is generally accorded great weight and will not be disturbed unless the balance of factors strongly favors defendant, a plaintiff's choice is entitled to less deference when plaintiff chooses a foreign forum. *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209; *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 530 N.E.2d 368.

Drekmeier argues that the time a case has been pending prior to it

being joined as a party is not one of the factors which a court may take into consideration. Drekmeier contends that its motion to dismiss or transfer was filed on November 1, 1988, less than 90 days after Drekmeier was served, well within the time period permitted under Rule 187. Drekmeier maintains that although it filed a timely motion to transfer, the court, in considering the time the case had been pending in Cook County, incorrectly denied *forum non conveniens* relief to it.

■ Rule 187 provides that a motion to transfer an action under the doctrine of *forum non conveniens* must be filed "not later than 90 days after the last day allowed for the filing of that party's answer." The committee comments to Rule 187 make abundantly clear that the reference to "that party's answer" is intentional:

> "Paragraph (a) refers to *'that party's* answer' to insure that a later-joined defendant is not foreclosed from filing a *forum non conveniens* motion by the failure of another defendant to do so in a timely manner." (Emphasis in original.) (Ill. Ann. Stat., ch. 110A, par. 187, Committee Comments, at 70 (Smith-Hurd Supp. 1990).)

Thus, the period of time which a case has been pending is irrelevant if the later-joined party's motion is brought in a timely fashion. Otherwise, a later-joined party will always be foreclosed from raising *forum non conveniens* grounds for transfer when the case has been pending for a sufficiently long time prior to the joinder of the party. A later joined party should not be penalized for another defendant's failure to bring a *forum non conveniens* motion. This would clearly be contrary to the intent of Rule 187.

■ Furthermore, although the circuit court relied upon the amount of time that this action had been pending in Cook County as a reason for denying transfer to another forum, *forum non conveniens* motions have been granted by reviewing courts even after an action has been tried to verdict. (See *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 292, 530 N.E.2d 369.) Consequently, the circuit court should not have considered the amount of time the case had been pending in Cook County prior to Drekmeier's joining the litigation.

■ Although the circuit court improperly considered the time the case had been pending in Cook County as a factor, transfer may still be improper if the balance weighs in favor of plaintiff's chosen forum based upon the proper considerations set forth in *Gulf Oil Corp. v. Gilbert* or if, as Schoon argues, Drekmeier failed to satisfy its burden that the chosen forum is inconvenient to Drekmeier. *Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 285, 507 N.E.2d 838.

In the instant case, Schoon chose neither the county of his residence nor the situs of injury as a forum. Thus, his choice of Cook County is not given great deference. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291; *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 530 N.E.2d 368.) However, the test is still whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by defendant. *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209.

Drekmeier argues that because the private and public interest factors strongly favor transfer, the circuit court abused its discretion in denying its motion to transfer. According to Drekmeier, a majority of the potential witnesses reside outside of Cook County. In addition, Drekmeier maintains that the sources of proof are all outside of Cook County. Drekmeier argues further that Cook County has no interest in resolving the instant litigation. In other words, Drekmeier contends that Cook County lacks any significant factual connection to this case. Add to these factors the crowded condition of the Cook County court dockets, Drekmeier argues, and it is apparent that the relevant factors strongly favor transfer.

■ However, upon review of the record in this case, we are unable to conclude that the circuit court abused its discretion in denying Drekmeier's motion to transfer. Although Drekmeier has argued Cook County has no factual connection to this case, it has failed to show how either it or any of the other parties will be inconvenienced by the Cook County forum. See *Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d 279.

The first factor in the private interest analysis is the relative ease of access to sources of proof. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) Here, Drekmeier contends that all the doctors named as Schoon's treating physicians are from Wisconsin and that the hospitals and clinics where Schoon was treated are in that State. Moreover, Dr. Hill, the doctor who is alleged to have caused Schoon's injuries, resides and works in McHenry County.

Although Drekmeier contends that the bulk of the medical records and sources of proof are outside plaintiff's chosen forum, there is no showing in the record that Drekmeier would be inconvenienced by defending in Cook County. Drekmeier offers Schoon's responses to interrogatories in support of its motion; however, Drekmeier offers nothing to show that these hospitals and doctors have evidence which Drekmeier must use in its defense. Drekmeier argues that Rock County, Wisconsin, would be a more convenient forum; nevertheless, Drek-

meier fails to show that there are any sources of proof in Rock County. Rather, Drekmeier merely shows that none of the responses tendered by Schoon to the interrogatories lists persons or businesses in Cook County.

The second factor in the analysis concerns the location and availability of witnesses. Drekmeier argues that none of the attending physicians and none of the physicians named by Schoon as witnesses reside in Cook County. Although Schoon listed a number of possible witnesses, including his family members, he failed to give their addresses. Thus, Drekmeier argues, from the list of addresses given for witnesses, not one resides or works in Cook County. Rather, most of them live and work in Wisconsin.

However, Drekmeier again reveals little, if any, inconvenience to the parties. Drekmeier does not indicate which would show which witnesses would actually be called to support its defense. Moreover, Drekmeier did not indicate what the testimony of potential witnesses would be, how their testimony would impact the defense or whether or not their depositions could be used successfully at trial. (*Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d at 289.) Significantly, Drekmeier did not even provide the names and addresses of its own employees who had knowledge about the case and who would testify at trial. The motion states only a conclusion and does not set out any facts to show that other forums would be more convenient for trial than Cook County. See *Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d 279.

The other factor to be considered, a possible jury view of the site, is a neutral factor in this case. Neither party asserts that it would be helpful to visit any of the hospitals, clinics, or doctor's offices where Schoon was treated.

Drekmeier has failed, then, to sustain its burden of showing that the private interest factors weigh strongly in its favor. We next consider the public interest factors.

Drekmeier argues that the docket in Cook County is overcrowded. Although Drekmeier suggests that Wisconsin courts or a court in McHenry County would be a more convenient forum, it has offered no evidence as to the condition of the dockets of those courts, nor evidence as to whether, had Schoon instituted an action in those forums, he would have met with the same backlog as Drekmeier contends exists in Cook County. (See *Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d at 289.) Therefore, in these circumstances, Drekmeier's argument based upon the backlog in Cook County is neither decisive nor even a persuasive factor.

Drekmeier next argues that the citizens of Cook County do not

have an interest in deciding this lawsuit which arose from an occurrence outside Cook and they should not have to bear the time and financial burden of deciding the matter. (See *Torrijas v. Midwest Steel Erection Co.* (1984), 130 Ill. App. 3d 788, 794, 474 N.E.2d 1250.) Moreover, Drekmeier maintains that simply because Upjohn may be doing business in Cook County is not in itself enough to show a "local" interest in the controversy. (*Torrijas v. Midwest Steel Erection Co.* (1984), 130 Ill. App. 3d 788, 793.) On the contrary, according to Drekmeier, it is the citizens in Rock County, Wisconsin, where at least some of Schoon's medical treatment occurred, who have an interest in this controversy. Likewise, Drekmeier contends, McHenry County citizens have more of an interest, because it was one of their doctors who is alleged to have been negligent, than do citizens of Cook County. Thus, Drekmeier argues, the public factors weigh in its favor.

■ Although we agree that Rock County and McHenry County have an interest in resolving this litigation, we cannot conclude that simply because these counties have an interest in the case that the circuit court abused its discretion in denying Drekmeier's motion to transfer. The role of this court is not to substitute its judgment for that of the circuit court, or even to determine whether the circuit court exercised its discretion "wisely." (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 444 N.E.2d 157; *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 503, 490 N.E.2d 694.) Rather, our task is to determine if the circuit court abused its discretion; in the absence of an abuse of discretion, the decision of the circuit court in granting or denying a *forum non conveniens* motion will not be disturbed on review. *Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 288, 507 N.E.2d 838.

After considering the record of the hearing on Drekmeier's motion to transfer, it is evident that the circuit court did not abuse its discretion. The factors considered do not balance strongly in Drekmeier's favor; indeed Drekmeier's motion to transfer is perfunctory, at best. Because Drekmeier failed to sustain its burden in support of its motion to transfer, plaintiff's choice of forum must be honored. *Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d at 285.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO, P.J., and HARTMAN, J., concur.