HENRY C. DIETZ, Plaintiff-Appellant, v. LOUIS SPALLA *et al.*, Defendants-Appellees.

First District (1st Division) No. 1—87—3841

Opinion filed July 24, 1989.

Anesi, Ozmon, Lewis & Associates, Ltd., of Chicago (Robert E. Haney, of counsel), for appellant.

Modesto, Reynolds & McDermott, of Chicago (James P. Hynes and Gregory G. Lawton, of counsel), for appellee Louis Spalla.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order granting a motion for summary judgment in favor of defendant and denying plaintiff's motion to reconsider. We reverse and remand for further proceedings.

The plaintiff, Henry C. Dietz, was injured on July 19, 1983, while employed by Outdoor Display Welding & Fabricating as an ironworker. On July 15, 1985, plaintiff filed a first amended complaint against Richmond Development Corporation; Louis Spalla (Spalla), individually and d/b/a S & B Sign Company; Bennett & Pless, Inc.; Ronald A. Richmond; and Harriet W. Bennett. Count I alleged that defendant Spalla was liable for violating the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*). Count II alleged common law negligence.

On May 1, 1987, defendants Richmond, Spalla and Bennett filed a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005). The motion was supported by defendant Spalla's deposition testimony, taken January 20, 1987, in which he testified as follows: As of the

date of the accident, he was a partner in the S & B Sign Company in addition to working as a real estate agent. Harriet Bennett was his other partner in the sign business. The S & B Sign Company was in the business of leasing advertising space on expressway billboards, and the sign at 172nd Street and Ashland Avenue in East Hazelcrest, Illinois, where this accident occurred, was the third sign he had had built. Spalla stated that S & B has no involvement in the building of the signs but merely manages the sign for the landowners after it is built.

Spalla hired Outdoor Display and Welding to construct the billboard based on a written proposal submitted to him. Spalla testified that he gave Outdoor Display the general specifications for the sign but that Outdoor Display supplied the equipment and tools and supervised the construction. According to Spalla, the position of the sign was noted on the legal survey and he never went to the jobsite where the accident happened and never gave instructions as to how to build the sign. He further testified that he had no construction experience, had no knowledge of whether a particular construction practice was safe or unsafe and had no authority to stop the work.

In opposition to defendant's motion, plaintiff submitted the affidavit of Brent Guptill (Guptill), a co-worker at the construction site. Guptill stated that he had witnessed the accident and that before the accident occurred, he had noticed a tall, thin, gray-haired man about 60 years of age on the jobsite. The man had directed employees in the positioning and placement of anchor bolts so that the sign would face in the right direction. Guptill stated that he was told by the job foreman that the gray-haired man said he was one of the owners. Plaintiff's counsel also submitted an affidavit averring that Louis Spalla generally fit the description given by Guptill and expressing the opinion that Spalla was the man who had been giving directions at the jobsite. The trial court granted defendants' motion for summary judgment on July 23, 1987, ruling that the evidence was too speculative and could not support the inference that the gray-haired man referred to in Guptill's affidavit was defendant Spalla.

On July 28, 1987, plaintiff filed a supplemental request for production requesting any and all photographs taken of Louis Spalla for the purpose of clarifying the identity of the owner alleged to be present on the jobsite. Defendant refused to comply with the request on the grounds that plaintiff's right to discovery ended when summary judgment was entered in his favor.

In the absence of the judge who heard the motion for summary judgment, an emergency motion was brought on August 14, 1987, be-

fore a second judge, who ordered Spalla to provide plaintiff with a photograph or, in the alternative, present himself at the law offices of plaintiff's counsel for a viewing. Plaintiff also filed a motion for reconsideration and sanctions on August 21, 1987.

At the request of the initial judge, the judge who entered the emergency motion reconsidered the issues raised by defense counsel and subsequently vacated the order compelling production. The motion for reconsideration was referred back to the judge who had heard the motion for summary judgment, who denied both that motion and plaintiff's motion to compel production. Plaintiff now brings this appeal.

Plaintiff's principal contention is that summary judgment was improperly granted as a question of fact exists regarding whether defendant Spalla violated the Structural Work Act. He contends that the affidavits of Brent Guptill and plaintiff's counsel, along with other matters in the record, are sufficient to support the inference that Spalla was present on the jobsite and that he gave directions to certain employees of Outdoor Display and Welding, the contractor hired to construct the sign. We agree.

■ In determining whether a moving party is entitled to summary judgment, the trial court must consider the entire record and construe the pleadings, depositions, admissions and affidavits strictly against the movant and liberally in favor of the opponent. (*In re Estate of Whittington* (1985), 107 Ill. 2d 169, 177, 483 N.E.2d 210.) The party moving for summary judgment must affirmatively show that he has a clear right to a judgment, and if any facts are presented upon which reasonable persons may disagree, or if inferences which could be drawn from those facts lead to different conclusions, the court must deny the motion and the matter must be resolved at trial. Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; *La Salle National Bank v. Illinois Housing Development Authority* (1986), 148 Ill. App. 3d 158, 161, 498 N.E.2d 697.

■ In order to establish liability under the Structural Work Act, it must appear from the evidence that the defendant was "in charge of" the construction operations involving the violations. (*Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 321, 211 N.E.2d 247.) In order to find that a defendant was "in charge" of the work, it must be shown that "he had some direct connection with the construction operations," and the defendant "must have been in charge of the particular operations which involved the violations from which the alleged injury arose." (*McGovern v. Standish* (1976), 65 Ill. 2d 54, 67, 357 N.E.2d 1134.) Whether the defendant was in charge of the

work within the meaning of the act is primarily a question of fact to be determined by the jury. (*McInerney v. Hasbrook Construction Co.* (1975), 62 Ill. 2d 93, 101, 338 N.E.2d 868.) Such a determination is not solely dependent on a written contract but is based on the circumstances as a whole. (*Fruzyna v. Walter C. Carlson Associates, Inc.* (1979), 78 Ill. App. 3d 1050, 1054, 398 N.E.2d 60.) The question to be resolved here, therefore, is whether the statements in Guptill's affidavit, considering the record as a whole, create a reasonable inference that defendant Spalla was present at the jobsite and was directing the work of the employees.

The record shows that there were only two owners of the property; Louis Spalla and Harriet W. Bennett. In his affidavit, Brent Guptill stated that "a tall, thin gray-haired man approximately 60 years old was present on the jobsite" directing Guptill and other workers with respect to the placement of certain bolts on the sign column. Plaintiff's attorney had deposed defendant Spalla on January 20, 1987, and he also submitted an affidavit in opposition to the motion for summary judgment stating that Spalla was a tall, gray-haired man approximately 60 years of age and he believed Spalla had been present on the jobsite.

■■ ■ Affidavits submitted in response to a motion for summary judgment must be made upon the personal knowledge of the affiant, must not consist of conclusions but of facts admissible in evidence, and must affirmatively show that the affiant, if sworn as a witness, could competently testify as to the facts set forth therein. (107 Ill. 2d R. 191; *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 598, 491 N.E.2d 803.) Thus while the attorney affiant's opinion regarding the presence of Spalla is conclusory and is therefore inadmissible (*Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 1079, 478 N.E.2d 464), a reasonable inference can be drawn from his description of Louis Spalla as a tall gray-haired man, from Guptill's description of the man directing activities on the jobsite and from other matters of record that the person present at the site was Louis Spalla. See *Certified Mechanical Contractors, Inc. v. Wight & Co.* (1987), 162 Ill. App. 3d 391, 399-400, 515 N.E.2d 1047.

Defendant Spalla's deposition was taken only two months before summary judgment was entered in defendant's favor on July 23, 1987. Immediately after the summary judgment was entered, plaintiff served a request to produce a photograph on Spalla's counsel. When defendant declined to comply, plaintiff filed a motion to compel which was noticed up for an emergency hearing on August 14, 1987. This was not a case where plaintiff was dilatory in seeking new evidence in

support of a motion to reconsider. *Cf. Getman v. Indiana Harbor Belt R.R. Co.* (1988), 172 Ill. App. 3d 297, 301, 526 N.E.2d 557.

 █ The purpose of a motion for reconsideration is to alert the court to any errors it has made and to allow an opportunity for their correction. (*Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 2d 719, 722, 365 N.E.2d 115.) A rehearing is warranted where the newly discovered evidence is sufficiently conclusive or decisive in character to make it probable that a different result would have been reached by the trial court. (*Powers v. Sturm* (1973), 12 Ill. App. 3d 346, 352-53, 297 N.E.2d 628.) Here, plaintiff could proceed with his motion for reconsideration only if he could produce new evidence of a decisive nature to establish the identity of the person at the jobsite. The requested photograph constituted evidence of a conclusive nature in that it would have enabled Guptill to establish whether or not Spalla was the person he observed on the construction site, thus resolving whether a genuine issue of fact existed. We conclude that the trial court abused its discretion in vacating the order to compel production and denying plaintiff's motion for reconsideration. Accordingly, the order denying plaintiff's motion for reconsideration and his motion to compel are vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed and remanded.

CAMPBELL and BUCKLEY, JJ., concur.