RUDOLF STONITSCH, Plaintiff-Appellant, v. LAREDO CONSTRUCTION COMPANY, Defendant-Appellee.

First District (5th Division)   No. 1—90—1289

Opinion filed November 1, 1991.

Hayes & Power, of Chicago (Joseph A. Power, Jr., Terrence J. Lavin, David A. Novoselsky, and Linda A. Bryceland, of counsel), for appellant.

Gurion & Lewis, of Chicago (Richard J. Aronson, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Rudolf Stonitsch (Stonitsch) brought a Structural Work Act claim against defendant Laredo Construction Company (Laredo) alleging that he fell from a defective ladder and received injuries while working at a construction site controlled by Laredo. (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) The trial court granted Laredo's motion for summary judgment in its favor ruling that, as a matter of law, there was insufficient evidence from which a jury could find that Stonitsch was injured as a result of a fall from a ladder. After summary judgment was granted, plaintiff filed a motion for reconsideration, supported by a deposition and an affidavit, alleging the discovery of new evidence. The trial court denied the motion for reconsideration, and plaintiff now appeals both orders.

In November 1985 Laredo was the general contractor for a construction project at Trinity College in Illinois. Stonitsch was a boilermaker employed by Kyllingstad Engineering, a subcontractor to Laredo. On November 5, 1985, while working on a partially constructed building at the Trinity College campus, Stonitsch sustained several injuries, including a broken arm, fractured skull, concussion, and other head injuries.

Due to these head injuries, Stonitsch suffers from retrograde amnesia and can recall little about the day that he was injured. According to his deposition, the last thing he can recall is cleaning up in preparation to go home for the day. However, he cannot even remember what floor of the three-story building he had been working on. Nevertheless, based on where he was found, he surmised that he fell from a temporary ladder-like structure which consisted of 2 by 4's nailed to wall studs in the open stairwell, and which had been erected for access between the floors of the building where he was working.

The evidence presented to substantiate Stonitsch's claim came from the deposition testimony of Daniel Kuberski, who was another worker at the site. Kuberski did not actually see Stonitsch fall, but was only about 40 to 50 feet away from the stairwell when he heard a "thud." He walked over to the stairwell area and found Stonitsch on the ground with a severe head injury attempting to stand up. He told Stonitsch to lie back down and called for help. Kuberski also testified that he had previously complained to his supervisor about the unsafe condition of the ladder-like structure and noted that immediately after the accident the 2 by 4's that had been nailed to the wall studs were removed and a permanent staircase installed the next day.

On November 20, 1986, Stonitsch filed a complaint against Laredo. Subsequently, on August 22, 1988, November 4, 1988, and on February 11, 1989, he filed amended complaints to add Carani Construction Company (Carani) and Trinity College[1] (Trinity) as party defendants. A motion for summary judgment was filed by Carani on August 8, 1989, arguing that there was no evidence as to how Stonitsch fell and that Carani was not in charge of the worksite. On August 18, 1989, Laredo also filed a motion for summary judgment arguing that there was no evidence as to how Stonitsch fell so that there was no proof that Laredo proximately caused Stonitsch's injury. Trinity College later joined in Laredo's motion.

A hearing on Carani's motion was held on December 8, 1989, and the trial judge denied the motion, finding that there was sufficient circumstantial evidence to support a finding that Stonitsch was injured due to a fall from a faulty ladder. On February 14, 1990, a different judge heard Laredo's and Trinity's motions and granted them summary judgment, finding a lack of evidence on the proximate cause issue.

On March 13, 1990, Stonitsch filed a motion for reconsideration of the order granting Laredo summary judgment. He alleged that, on the basis of answers to interrogatories that Laredo filed, he was led to believe that there were no eyewitnesses to the accident and that there were no post-occurrence witnesses other than Kuberski. However, after the summary judgment order was entered, he learned of two other witnesses, including one eyewitness to the accident. In support of the motion, Stonitsch submitted to the court the deposition testimony of the one eyewitness, Shannon, who testified that he had seen Stonitsch fall from the temporary make-shift ladder when a nail pulled loose. Stonitsch also submitted the affidavit of the other witness, Van Wiel, who stated that he had seen Stonitsch climbing the ladder and then seconds later heard a thud and saw Stonitsch at the bottom of the ladder. Stonitsch further averred that Laredo knew about the eyewitness but had withheld the information. Shannon's deposition testimony revealed that he told both Daniel Druck, Laredo's field superintendent at the construction site, and Norbert Geers, the owner of Laredo, that he had witnessed the accident.

The trial court denied the motion to reconsider as to Laredo but granted it as to Trinity. The matter apparently still pends in the lower court as to Carani and Trinity.

---

[1]Trinity College and Carani Construction Company are not parties to this appeal.

Stonitsch now appeals the order of summary judgment granted to Laredo and the trial court's refusal to vacate the summary judgment order upon reconsideration. Jurisdiction is vested in this court by virtue of the fact that the trial court included in its order granting summary judgment the language that "there is no just reason to delay enforcement or appeal." See 137 Ill. 2d R. 304(a).

The issues before this court are (1) whether the trial court erred in finding that, as a matter of law, there was insufficient circumstantial evidence of liability, *i.e.*, that there was no evidence to support Stonitsch's claim that he had fallen because of the defective ladder, and (2) whether the trial court erred by refusing to reinstate the case after Stonitsch came forth with new evidence in his motion to reconsider. For the following reasons, we reverse.

■■ Summary judgment is proper where the pleadings, depositions, admissions and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005; *Kennedy v. Joseph T. Ryerson & Sons, Inc.* (1989), 182 Ill. App. 3d 914, 918, 538 N.E.2d 748.) When ruling on a motion for summary judgment, it is not the court's function to resolve a disputed factual question, but to determine whether one exists. (*Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112, 514 N.E.2d 188.) Circumstantial evidence may be used to establish facts necessary to a claim, but only where the circumstances are so related that the conclusion to be drawn is the only probable one, not merely a possible one, to be drawn from the undisputed facts. *Kellman v. Twin Orchard Country Club* (1990), 202 Ill. App. 3d 968, 560 N.E.2d 888; *Bakkan v. Vondran* (1990), 202 Ill. App. 3d 125, 130, 559 N.E.2d 815.

■■ In the present case the only claim brought by Stonitsch against Laredo was that Laredo violated the Structural Work Act. To state a cause of action for a violation of the Structural Work Act it is necessary to show (1) that the plaintiff was involved in a construction activity covered by the Act, (2) that the activity was being performed on a structure covered by the Act, (3) that a scaffold or other device as defined by the Act was being used in the activity, (4) that the scaffold or device was unsafe, (5) that the unsafe condition proximately caused the injury, (6) that the defendant had charge of the work place, and (7) that the defendant wilfully violated the Act. (*Tracy v. Montgomery Ward & Co.* (1990), 193 Ill. App. 3d 304, 549 N.E.2d 984.) A cause of action may only be maintained under the Act when it is shown that the injury had some connection with the hazardous nature of one of the devices named therein. (*Bakkan v. Vondran*, 202 Ill.

App. 3d at 128.) Based upon these standards, we believe that the trial court did not err by granting Laredo summary judgment on the Structural Work Act claim brought by Stonitsch.

■■ The evidence before the trial court at the time the motion was heard did not establish that plaintiff had an actionable claim under the Act because Stonitsch was unable to make a connection between his accident and the admittedly unsafe ladder-like structure present at the worksite. There was absolutely no evidence, either direct or circumstantial, to connect Stonitsch's fall to the ladder, which is what was necessary to establish plaintiff's cause of action under the Act. To have found otherwise, we believe, would have been merely speculation, guess or conjecture as to the probable cause of the injury which is not proper. *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328.

Plaintiff correctly argues that there was sufficient circumstantial evidence to establish that he fell at the construction worksite, based upon the evidence that he was found at the bottom of the stairwell with severe injuries. However, the record at the time of the motion was devoid of any evidence as to how the fall occurred. Simply stated, there was no evidence before the court at the time of the motion to indicate that Stonitsch was attempting to ascend, descend, or even on the ladder at the time of his fall. (See *Bakkan v. Vondran*, 202 Ill. App. 3d at 129.) Therefore, the missing link was the evidence that related his fall to the faulty ladder.

The stairwell where Stonitsch was found was open with guardrails placed around it to prevent persons from falling in. Laredo's field supervisor, Druck, testified in his deposition that the guardrails were sometimes removed or displaced by workers. Given this circumstance and without any evidence that Stonitsch was on the ladder at the time of his fall, it was equally likely that Stonitsch fell into the stairwell for some reason unrelated to the ladder. If there had been any evidence that Stonitsch had been using the ladder at the time of his fall, a material issue of fact would have been created on whether the ladder had, in fact, caused the fall. Lacking this connection between the fall and the ladder, we must find that Stonitsch could not establish a necessary element of his claim without resorting to mere speculation, guess and conjecture. For this reason summary judgment was properly granted.

We must now consider whether the trial court abused its discretion by refusing to vacate the summary judgment order. The facts related to this issue are that Stonitsch filed interrogatories in August 1988 indicating that the only person he was aware of who witnessed

or claimed to have witnessed the accident was Dan Kuberski, an employee of the plumbing subcontractor. In response to the interrogatory question which asked him to state the "name and address of each person not named in (2) above [*i.e.*, the list of persons believed to be witnesses] who was present or claims to have been present at the scene immediately before, at the time of, or immediately after said occurrence," Stonitsch listed Jim Shannon and Mike Van Wiel.

However, in October 1988 Stonitsch took the deposition of Laredo's Trinity College project superintendent, Dan Druck. In this deposition Druck indicated that he was aware of only one witness to the accident and that he believed the one witness was a plumber on the project. He gave a listing as to all the subcontractors who were involved in the Trinity College construction project and named Shannon as one of the employees of Shamrock Insulation Company. He, however, did not indicate that he knew Shannon to be present at the scene or that he was a witness to the accident.

In November 1988 Laredo, through its owner, Norbert Geers, answered interrogatories requested by Stonitsch. In response to questions asking for known witnesses to the accident and the names of other persons known to have been present at the scene before, at the time of, or after the accident, Geers replied "[n]one other than those identified at Dan Druck's deposition."

Apparently believing, based upon this information, that there were no additional witnesses to the accident, Stonitsch never deposed Shannon or Van Wiel. After summary judgment was granted to Laredo, however, Stonitsch contacted Shannon and Van Wiel and learned that both persons had information critical to the case. That is, both of these persons could place Stonitsch on the ladder at the time of the accident. In addition, Shannon testified that he had personally notified both Druck and Geers that he had witnessed the accident.

We believe that under the above circumstances the deposition testimony of Shannon and affidavit of Van Wiel were new evidence and that Stonitsch's failure to obtain this evidence prior to the summary judgment hearing did not constitute a lack of due diligence. Stonitsch reasonably believed that there were no other witnesses to the accident and therefore provided a valid explanation as to why he did not have the evidence available at the time of the first hearing. See *Delgatto v. Brandon Associates, Ltd.* (1989), 131 Ill. 2d 183, 195, 545 N.E.2d 689.

But, perhaps just as importantly, Stonitsch believed that he had a viable cause of action based upon the evidence already in his possession. That this belief was reasonable is amply demonstrated by the

fact that, with the exact same evidence before the court, he survived a summary judgment motion heard by a different judge. Thus, we cannot say that Stonitsch was dilatory in seeking out other witnesses and, therefore, the new evidence should have been considered by the trial court.

Because the purpose of a motion for reconsideration is to alert the court to any errors it has made and to provide an opportunity for correction and because a rehearing should be granted where the newly discovered evidence is sufficiently conclusive so as to make it probable that the trial court would have reached a different conclusion (*Dietz v. Spalla* (1989), 186 Ill. App. 3d 742, 542 N.E.2d 855), we believe that the trial court abused its discretion by denying Stonitsch's motion for reconsideration.

For the reasons stated above, the orders of the circuit court granting Laredo summary judgment and denying Stonitsch's motion for reconsideration are hereby reversed and the matter remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ, P.J., and GORDON, J., concur.