BOB NEOFOTISTOS *et al.*, Plaintiffs-Appellees, v. CENTER RIDGE COMPANY *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—91—2655

Opinion filed January 15, 1993.

952

Baker & McKenzie, of Chicago (Francis D. Morrissey, Richard H. Donohue, Michael A. Pollard, and Jane M. McFetridge, of counsel), for appellants.

Philip J. Ryan and Amy C. Wright, both of Ryan & Ryan, Ltd., of Waukegan, and Cooney & Conway, of Chicago (Kevin J. Conway and Kathy Byrne, of counsel), for appellees.

JUSTICE McNULTY delivered the opinion of the court:

This court granted defendants-appellants Center Ridge Company, Lakehurst Joint Venture Limited Partnership, and Jacob, Visconsi & Jacobs Company leave to appeal from an order of the circuit court of Cook County denying their motion to transfer venue of this cause on the basis of intrastate *forum non conveniens* to the circuit court of the Nineteenth Judicial Circuit, Lake County, Illinois, pursuant to Supreme Court Rule 306(a)(ii) (134 Ill. 2d R. 306(a)(ii)).

The sole issue presented for review is whether the trial court erred in denying defendants-appellants' motion to transfer venue to the circuit court of Lake County, Illinois, on the basis of intrastate *forum non conveniens*.

In 1987 an electrical panel exploded at the Lakehurst Shopping Center in Lake County, Illinois, injuring plaintiff Bob Neofotistos and another worker, Tom Kleist. They were the only eyewitnesses to the occurrence. Kleist, a Cook County resident, filed a personal injury suit in 1988 in the circuit court of Cook County.

Defendants-appellants, on two separate occasions, filed a motion in the circuit court of Cook County to transfer the Kleist case to Lake County based on *forum non conveniens*. Both motions were denied and defendants-appellants did not appeal either denial.

Bob Neofotistos, a Lake County resident, filed a personal injury suit against defendants-appellants and others in 1989 in the circuit court of Lake County, Illinois, over a year after the Kleist case had been filed in Cook County. The defendants and issues in the Kleist and Neofotistos cases are essentially the same.

Supreme Court Rule 384 (137 Ill. 2d R. 384) became effective on November 1, 1990. After the effective date of Rule 384, defendants-appellants filed a motion in the supreme court to consolidate the Kleist and Neofotistos civil actions and transfer venue to the circuit court of Lake County. Prior to ruling on the matter, Neofotistos filed a motion informing the supreme court that he would voluntarily dismiss his Lake County action without prejudice to refile. The record

does not reveal that defendants-appellants requested the supreme court to protect its jurisdiction by staying Neofotistos' dismissal of the Lake County action until after the court had ruled on the Rule 384 motion. Defendants-appellants opposed Neofotistos' voluntary dismissal of his lawsuit in Lake County on the grounds they now advance in this court that the dismissal was motivated by forum shopping and was an attempt to avoid a supreme court ruling on consolidation and transfer of venue of both the Kleist and Neofotistos cases to Lake County. Defendants-appellants did not, however, appeal the Lake County circuit court order granting the voluntary dismissal. Subsequently, on January 14, 1991, the supreme court denied defendants-appellants' motion to consolidate and transfer venue of the two cases to Lake County.

Neofotistos refiled his action in the circuit court of Cook County. Defendants-appellants filed their *forum non conveniens* motion to transfer the case to Lake County. The trial court denied the motion and this appeal followed.

■ *Forum non conveniens* is an equitable doctrine that assumes the existence of more than one forum with jurisdiction over the parties and the subject matter of a case. *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209; *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291.

The trial court has broad discretion in determining whether to transfer a cause of action to another jurisdiction based on *forum non conveniens*. (*Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 568 N.E.2d 883; *Griffith*, 136 Ill. 2d 101, 554 N.E.2d 209.) The trial court's decision will be reversed only upon a showing of clear abuse of discretion. *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.

Defendants-appellants are all Ohio corporations which have or at one time had registered agents in Cook County. Defendant Westinghouse Corporation and third-party defendant Carrier Corporation are residents of Cook County and have not objected to the trial of this matter in Cook County.

■ A plaintiff's right to choose the forum is a substantial one and will not be disturbed unless the private and public factors weigh strongly in favor of the defendant. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.) Plaintiff Neofotistos is a resident of Lake County. Plaintiff's choice of forum is entitled to less deference when plaintiff is not a resident of the chosen forum, but the balancing test is still unequal. The factors taken as a whole must still

strongly favor transfer. *Griffith*, 136 Ill. 2d 101, 554 N.E.2d 209; *Grachen v. Zarecki* (1990), 200 Ill. App. 3d 336, 558 N.E.2d 132.

■ Defendants-appellants stress that Lake County is the residence of plaintiff and also the site of the accident. However, while those locations may have an interest in resolving the litigation, Illinois courts have held that it is not an abuse of discretion for a court to deny a motion to transfer when plaintiff chose neither the county of his residence nor the situs of the injury as a forum. See *Schoon v. Hill* (1990), 207 Ill. App. 3d 601, 566 N.E.2d 718; *Hoffmeister v. K mart Corp.* (1989), 181 Ill. App. 3d 739, 537 N.E.2d 460.

■ Convenience of the parties is another factor the court must consider in determining whether plaintiffs' choice of forum will be unduly burdensome or inconvenient to the parties seeking transfer. (See *Schoon*, 207 Ill. App. 3d 601, 566 N.E.2d 718; *Hoffmeister*, 181 Ill. App. 3d 739, 537 N.E.2d 460.) In the case at bar, defendants-appellants are all Ohio corporations which have or had registered agents in Cook County. Codefendant Westinghouse, a foreign corporation doing business in Cook County, and third-party defendant Carrier Corporation have voluntarily appeared and have not objected to plaintiffs' choice of forum. Plaintiffs, Lake County residents, have voluntarily dismissed their lawsuit in Lake County and refiled it in Cook County, thus indicating their satisfaction with a forum in Cook County. Since Lake and Cook are adjoining counties, defendants-appellants have failed to establish that they would be unduly burdened or inconvenienced by being required to litigate in Cook County.

In *Snook v. Lake Forest Hospital* (1985), 133 Ill. App. 3d 998, 479 N.E.2d 994, the court held that defendant physicians who resided and practiced in Lake County were not entitled to have a cause of action against them in Cook County transferred to Lake County where they failed to allege specific facts as to inconveniences and hardships attendant to defending the suit in Cook County.

■ Defendants-appellants argue that transfer of the case to Lake County would facilitate the jury's ability to view the scene because Lakehurst Shopping Center is located in Lake County. No specific facts are alleged, however, that would demonstrate that a view of the scene of the accident would be helpful to the jury. The electric panel that exploded has been removed from the scene, is in defendants' possession, has been inspected and is available for view. Further, the scene as it existed at the time of the accident is portrayed by photographs taken immediately after the accident by investigators from OSHA, Commonwealth Edison and various insurance companies, among others.

In *Stone Container Corp. v. Industrial Risk Insurers* (1980), 91 Ill. App. 3d 807, 414 N.E.2d 1227, the court found that an on-view inspection of the scene by the jury was not a significant factor in favor of moving venue to the State where the injury occurred because the scene had changed and many photographs of the scene as it existed at the time of the accident would be available to the jury. The facts are similar in the case at bar. Moreover, a party does not have an absolute right to have the jury view the accident scene. (*Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 568 N.E.2d 883.) This matter is a decision within the sound discretion of the trial court. (*Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.) Finally, Lake and Cook Counties are adjoining and the distance between them is not so great as to bar a Cook County jury from viewing the accident scene if the trial court determined it would be helpful.

Defendants-appellants have not demonstrated that any obstruction to sources of proof would result from plaintiffs' choice of forum being in Cook County rather than Lake County. See *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745.

Defendants-appellants contend that a preponderance of witnesses are located in Lake County. Many of those listed by them, however, are emergency personnel from the Lake County fire and police departments who responded to the accident. Since there is no apparent dispute that an accident occurred resulting in serious injuries to Bob Neofotistos and Mr. Kleist, it is unlikely that these witnesses will be needed at trial.

On the other hand, the only eyewitness to the accident other than Bob Neofotistos is Tom Kleist, a Cook County resident. Neofotistos' principal and current treating physician is a Cook County resident with offices in Evanston, Illinois.

OSHA investigators from their Cook County offices took photographs and statements. Commonwealth Edison of Cook County was called to the scene to turn off the electricity and its investigators took photographs.

The record reveals that the trial court carefully evaluated the witness lists submitted by the parties, the relevance of their testimony, their residences and the likelihood of testifying at trial. The court properly exercised its discretion in concluding that accessibility to witnesses was not significantly impaired by allowing the case to remain in Cook County, plaintiffs' chosen forum. *Griffith*, 136 Ill. 2d 101, 554 N.E.2d 209.

■ Finally, an evaluation of the public interest factors is required. Defendants-appellants claim that the Lake County court docket is significantly less crowded than that in Cook County. Although a matter of public concern, court congestion alone, however, is not enough to justify transfer of a case to a forum other than the one of plaintiffs' choice. *Griffith*, 136 Ill. 2d 101, 554 N.E.2d 209.

In *Hoffmeister*, a reviewing court observed that the trial court is in a better position than an appellate court to assess the burden posed by its own dockets and will not substitute its judgment for that of the trial court when the trial court denies transfer of a case from its own congested docket to a less congested one. (*Hoffmeister*, 181 Ill. App. 3d at 744, 537 N.E.2d at 462.) In making this determination it was clearly appropriate for the trial court to consider the fact that there is a companion case pending in Cook County against the same defendants-appellants, involving essentially the same issues and being defended by the same law firms. It was entirely proper for the court to consider that hearing both cases in the same forum would likely result in the consolidation of both actions into one proceeding thus serving the interests of judicial economy.

We finally address defendants-appellants' argument that plaintiffs' voluntary dismissal of their Lake County action and refiling it in Cook County was an attempt to "shop" for a more favorable forum. The Cook County forum was not objected to by defendant Westinghouse and third-party defendant Carrier. Only the three defendants-appellants have objected to the Cook County forum. Moreover, the record reveals that although the defendants-appellants objected to plaintiffs' voluntary dismissal of the Lake County action, they chose not to appeal the Lake County circuit court order granting the dismissal. Also, defendants-appellants did not seek leave to appeal the denial of their two motions in the Kleist case to transfer that case to Lake County on the grounds of *forum non conveniens*. Only after defendants-appellants failed in two attempts to have the Kleist case transferred to Lake County did Bob Neofotistos dismiss his case in Lake County and refile it in Cook County. Plaintiffs' motivation for this action could well have been to avoid multiple litigation involving the same parties and issues. Defendants-appellants apparently wish to avoid multiple litigation only if the forum is in Lake County but not if the forum is in Cook County.

Further, after defendants-appellants filed a motion under Supreme Court Rule 384 (137 Ill. 2d R. 384) to consolidate the Kleist and Neofotistos cases in Lake County for trial and Neofotistos filed a motion advising the supreme court that he was going to move to dis-

miss voluntarily his Lake County action, the record does not indicate that defendants-appellants objected to Neofotistos' action as an attempt to forum shop or asked the supreme court to stay the dismissal until it could rule on the Rule 384 motion. After the supreme court denied the Rule 384 motion, defendants-appellants did not move for reconsideration. In fact, defendants have stated in their brief filed with this court that should we grant the relief requested and transfer this case to the Lake County circuit court, they will again file with the supreme court a Rule 384 motion to consolidate Kleist with Neofotistos in Lake County, and thus attempt to oust Mr. Kleist, a Cook County resident, from the forum of his choice in derogation of two trial court orders of which they did not seek appellate review.

The time has come to halt the procedural merry-go-round for the Kleist and Neofotistos litigants. This court cannot be oblivious of the fact that the Kleist case remains pending in Cook County arising out of the same accident.

The Illinois Supreme Court made this very clear in *Horn v. Rincker* (1981), 84 Ill. 2d 139, 417 N.E.2d 1329, when it held that to permit the maintenance of separate actions in separate counties which arose out of a single occurrence would frustrate the efficient administration of justice. It is therefore appropriate and necessary that the court consider the fact that a companion case is pending in Cook County and a consolidation of those cases, if they remain pending in the same county, is likely to occur, thus conserving judicial time and resources.

For the reasons set forth above, we find that the court properly exercised its discretion in denying defendants-appellants' motion to transfer this case to the circuit court of Lake County, and the judgment of the trial court is affirmed.

Affirmed.

GORDON, P.J., and COUSINS,* J., concur.

---

*Justice Cousins read the briefs and listened to the tape of oral argument in substitution of Justice Lorenz, who has since retired.