DALE HART *et al.*, Plaintiffs-Appellants, v. VALSPAR CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—91—2990

Opinion filed September 1, 1993.

Robert W. Karr, of Chicago, and Jack W. Lund, of Gary, Indiana, for appellants.

Keevers & Hittle, of Chicago (Catherine E. Long and Thomas J. Keevers, of counsel), for appellee Valspar Corporation.

French, Kezelis & Kominiarek, P.C., of Chicago (James M. Hofert and Michael J. Ortyl, of counsel), for appellee American Steel Container Company.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Dale and Mabel Hart, brought an action against defendants, Valspar Corporation (Valspar) and American Steel Container Company (American Steel), wherein they alleged that a defect in a metal container manufactured by defendant American Steel allowed paint concentrate manufactured by defendant Valspar to leak onto the floor of a semitractor/trailer truck, whereupon plaintiff Dale Hart slipped, fell and sustained a hernia while attempting to remove one of the containers from the truck. Plaintiff Mabel Hart also sought damages from defendants for loss of consortium as a result of her husband's injury. Defendants then presented a motion to dismiss this cause pursuant to Illinois Supreme Court Rule 187 (134 Ill. 2d R. 187), on the grounds of *forum non conveniens*. This motion was denied. Defendants subsequently filed a timely motion to reconsider. On February 8, 1991, defendants' motion for reconsideration was granted and the cause was dismissed pursuant to Illinois Supreme Court Rule 187 (134 Ill. 2d R. 187), on the grounds of *forum non conveniens*, thereby vacating and reversing the prior order of January 10, 1990. Plaintiffs later filed a motion to vacate the February 8, 1991, order of dismissal and a motion to reconsider. On June 28, 1991, the trial court entered an order denying plaintiffs' motions to vacate and reconsider the February 8, 1991, dismissal of their cause. The order was in turn vacated due to a rescheduling notice error or misunderstanding, but a second and final order denying plaintiffs' motion for reconsideration of the February 8, 1991, order of dismissal on *forum non conveniens* grounds was reentered on July 31, 1991. This appeal followed. We reverse and remand.

The issues before this court are (1) whether the trial court's reconsideration of the January 10, 1990, order denying defendants' motion to dismiss the complaint on the grounds of *forum non conveniens* was proper; and (2) whether the trial court erred when it dismissed the complaint pursuant to Supreme Court Rule 187, based on grounds of *forum non conveniens* and denied plaintiffs' motion to reconsider the February 8, 1991, order.

In 1986, plaintiff Dale Hart was a lease-operator truck driver for the American Eagle Express Trucking Company (American Eagle) of Hammond, Lake County, Indiana. In June of that year, American Eagle dispatched plaintiff to defendant Valspar's manufacturing plant in Rockford, Winnebago County, Illinois, where his truck was loaded with a shipment of several 55-gallon metal steel barrel drums, manufactured by defendant American Steel in Cook County, Illinois. The barrels contained paint concentrate manufactured by defendant Valspar. Plaintiff drove the shipment of barrels to the State of California. Upon reaching the City of Commerce, California, plaintiff allegedly slipped and fell inside of the truck after stepping in liquid paint concentrate which had leaked from one of the barrels, while he was unloading the truck. Plaintiff promptly reported this incident to an American Eagle dispatcher.

Upon his return home to Lake County, Indiana, plaintiff Dale Hart was diagnosed and treated for a hernia injury. Plaintiff received treatment at several Indiana hospitals and from several Indiana physicians. Plaintiff underwent surgical repair of the hernia at St. Mary's Medical Center in Hobart, Indiana, and at Rush-Presbyterian-St. Luke's Hospital in Chicago, Cook County, Illinois.

In 1988, plaintiffs filed a malpractice action in their home forum of the circuit court of Lake County, Indiana, against Drs. Schlessinger and Glover of the Hammond Clinic and St. Mary's Medical Center.

That same year, plaintiffs filed an action against defendants in the circuit court of Cook County for alleged products liability and negligence. Plaintiffs alleged that defendant American Steel was negligent in the design, manufacture or inspection of the barrels. Plaintiffs also alleged that defendant Valspar negligently filled and handled the barrels and that it failed to properly inspect, test and load them onto the truck so as to avoid or detect any leakage. In addition plaintiff Mabel Hart sought damages from defendants for loss of consortium with her husband as a result of his injuries.

Defendants in this Cook County action filed motions to transfer or dismiss based on the doctrine of *forum non conveniens*, pursuant to Illinois Supreme Court Rule 187. (134 Ill. 2d R. 187.) Defendants ar-

gued that the action would be more conveniently tried in either Winnebago County, Illinois, which was the site of defendant Valspar's manufacturing plant, or in the State of California.

While the *forum non conveniens* motion was pending, plaintiff Dale Hart filed signed answers to interrogatories on November 29, 1989, in which he responded under oath that he had never previously filed any lawsuits for personal injury, despite the fact that the Indiana medical malpractice action was still pending.

Approximately six weeks after so responding to the interrogatories, the *forum non conveniens* motion was heard by the circuit court of Cook County. The trial court first learned of the existence of the Indiana medical malpractice action during this hearing. The trial court denied defendants' motion.

Based on the discovery of this new information, defendants filed motions to reconsider the trial court's denial of their motion to dismiss. In their motion for reconsideration, defendants contended that this matter would be more conveniently tried in Lake County, Indiana, because plaintiffs filed a medical malpractice action there and because the number of potential witnesses located in Lake County, Indiana, outnumbered the number of witnesses located in Cook County, Illinois. After a hearing on the motion for reconsideration, the trial court vacated its earlier denial of the *forum non conveniens* motion and ordered the dismissal of the cause pursuant to Rule 187 (134 Ill. 2d R. 187), to allow for refiling in Lake County, Indiana.

Plaintiffs then petitioned for a hearing and reconsideration of the trial court's order dismissing the cause. After a hearing, the trial court denied this motion in a final order dated July 31, 1991.

First, plaintiffs contend that the trial court's reconsideration of the January 10, 1990, order denying defendants' motion to dismiss on the grounds of *forum non conveniens* was improper for the following reasons: (1) defendants' motions are fraudulent on their face; (2) the issue on reconsideration is moot and the statute of limitations governing the malpractice action against the Indiana physicians has tolled; (3) the prior order was reversed without the benefit of argument of counsel; (4) defendants failed to make timely discovery with respect to the malpractice action pending in Indiana; (5) there was no change in circumstances sufficient to warrant the trial court's reconsideration and reversal of the order; (6) the trial court misconstrued and erroneously applied the facts to the law; and (7) the trial court erroneously applied the law by considering the malpractice claim when ruling on the issue of dismissal.

Both defendants maintain that the trial court did not err when it reconsidered its January 10, 1990, order denying their motion to dismiss on the grounds of *forum non conveniens* because the revelation of plaintiffs' pending lawsuit in Indiana was a surprise, since it was contrary to plaintiff Dale Hart's testimony in the interrogatories, giving the parties and the trial court insufficient time to consider this information while said information could have had an impact on the dismissal of the present action.

Defendant American Steel further maintains that the court's reconsideration of the motion was proper because there is no evidence that either of the defendants was "judge shopping."

In addition, defendant Valspar specifically maintains that the trial court's reconsideration of the motion in question was proper because there is no evidence that the trial court abused its discretion since it afforded plaintiffs 17 months to argue their position, from February 8, 1990, to July 30, 1991, which was the date that the trial court entered an order denying plaintiffs' motion to reconsider the February 8, 1991, order.

■ Plaintiffs have failed to show that the trial court's grant of defendants' motion for reconsideration of the January 10, 1990, order constitutes reversible error. We find that the trial court's reconsideration of the order in question was proper. The purpose of a motion for reconsideration is to alert the court of any errors that it has made and to allow an opportunity for their correction. (*Stonitsch v. Laredo Construction Co.* (1991), 221 Ill. App. 3d 902, 908, 583 N.E.2d 49, 53; *Dietz v. Spalla* (1989), 186 Ill. App. 3d 742, 747, 542 N.E.2d 855, 858.) A rehearing is warranted where newly discovered evidence is sufficiently conclusive or decisive in character to make it probable that a different result would have been reached by the trial court. *Stonitsch*, 221 Ill. App. 3d at 908, 583 N.E.2d at 53; *Dietz*, 186 Ill. App. 3d at 747, 542 N.E.2d at 858.

Upon applying the above standard, we find that the newly discovered evidence of plaintiffs' Indiana malpractice action was sufficiently decisive in character that a different result may have been reached by the trial court initially. Defendants relied upon the information contained in plaintiffs' answers to interrogatories filed on November 21, 1989. Plaintiff Dale Hart stated in his answer to interrogatory No. 15 that he had not previously filed any other personal injury lawsuits. Plaintiff made no reference to the medical malpractice proceedings in Indiana. In plaintiff's answers to interrogatories regarding his medical treatment, he mentioned only that he had "no problems since the hernia except for those which have neither followed that hernia or

which were the result of the infection which followed the original surgery." Defendants therefore lacked significant evidence prior to the January 10, 1990, hearing on its *forum non conveniens* motion. Such information would have had a direct bearing on the propriety of a *forum non conveniens* dismissal of this action. Defendants would have been interested in any other lawsuits related to the same occurrence and any resulting injuries, especially lawsuits against potential codefendant tortfeasors located in Indiana, who would be expected to contribute towards any judgment or settlement of this action. Neither defendants nor the court was given a sufficient opportunity to consider this information. The trial court's original order denying the *forum non conveniens* dismissal was in the nature of an interlocutory order and the trial court had the inherent power to review, amend, modify, revise, or vacate such an order prior to the final judgment by way of a petition for reconsideration. (See *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 182, 446 N.E.2d 242, 244.) Under the circumstances, we cannot say that the trial court abused its discretion in granting defendants' motion for reconsideration. See *Stonitsch*, 221 Ill. App. 3d at 908, 583 N.E.2d at 53; *Dietz*, 186 Ill. App. 3d at 747, 542 N.E.2d at 858.

Accordingly, the trial court's reconsideration of the January 10, 1990, order denying defendants' motion to dismiss the complaint on the grounds of *forum non conveniens* was proper.

Next, plaintiffs contend that the trial court erred when it dismissed the complaint on the grounds of *forum non conveniens* pursuant to Illinois Supreme Court Rule 187 (134 Ill. 2d R. 187), for the following reasons: (1) defendants have failed to show by clear and convincing evidence that they faced a hardship or imbalance with respect to plaintiffs' choice of forum; and (2) plaintiffs' choice of forum is the most significant factor. We agree.

We find that the trial court erred when it dismissed the complaint pursuant to Supreme Court Rule 187 (134 Ill. 2d R. 187), based on grounds of *forum non conveniens*, and denied plaintiffs' motion to reconsider the February 8, 1991, order.

*Forum non conveniens* is an equitable doctrine which assumes the existence of more than one forum that has jurisdiction over the parties and the subject matter of a case. *Neofotistos v. Center Ridge Co.* (1993), 241 Ill. App. 3d 951, 954, 609 N.E.2d 806, 808; see also *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105, 554 N.E.2d 209, 211.

In resolving a *forum non conveniens* question, a court must balance private interest factors affecting the litigants and public interest

factors affecting the administration of the courts. (*Griffith*, 136 Ill. 2d at 105, 554 N.E.2d at 211.) Factors relating to the private interests of the litigants include the relative ease of access to sources of proof; the availability of compulsory process for the attendance of unwilling witnesses and the cost of facilitating the attendance of willing witnesses; the possibility of viewing the premises if an inspection would be appropriate to the action; and any other practical problems that make the trial of a case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1063, 67 S. Ct. 839, 843; *Griffith*, 136 Ill. 2d at 105-06, 554 N.E.2d at 211; *Schoon v. Hill* (1990), 207 Ill. App. 3d 601, 605, 566 N.E.2d 718, 721.

Public interest factors to be considered include the administrative difficulties of trying a case in a congested venue; a locality's interest in having local controversies resolved by local courts; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil Corp.*, 330 U.S. at 508-09, 91 L. Ed. at 1063, 67 S. Ct. at 843; *Griffith*, 136 Ill. 2d at 106, 554 N.E.2d at 211; *Schoon*, 207 Ill. App. 3d at 605, 566 N.E.2d at 721.

■ A plaintiff's right to choose the forum in which a case will be tried is substantial and will not be modified unless the private and public interest factors weigh strongly in favor of the defendant. (*Gulf Oil Corp.*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843; *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748; *Schoon*, 207 Ill. App. 3d at 605, 566 N.E.2d at 721.) Although broad discretion is vested in the trial court to determine whether dismissal on the grounds of *forum non conveniens* is warranted, a trial court's decision will be reversed on appeal if it abused its discretion. *Schoon*, 207 Ill. App. 3d at 605, 566 N.E.2d at 721.

■ First, we will consider the relevant private interest factors. With respect to the factor of the relative ease of access to sources of proof, defendants have not demonstrated that any obstruction to the sources of proof would result from plaintiffs' choice of forum. (See *Meyers*, 113 Ill. 2d at 120-21, 497 N.E.2d at 748-49.) Defendant Valspar contends that without proper discovery which can only occur through witnesses in Indiana, defendants cannot properly prepare this case for trial. Similarly, defendant American Steel maintains that all individuals with knowledge and facilities with records concerning plaintiff Dale Hart's health prior to and subsequent to the accident reside in Indiana.

In the present case, however, virtually all of the sources of proof *relevant to this action* are located in Cook and Winnebago Counties,

Illinois. Dr. Doolas, who practices in Cook County, Illinois, performed the final surgery upon plaintiff in a hospital located in Cook County, Illinois. Moreover, defendant American Steel, which plaintiffs allege was negligent in its design, manufacture or inspection of the barrels, manufactured them in Cook County, Illinois. Furthermore, the paint concentrate upon which plaintiff slipped and fell was manufactured by defendant Valspar in Winnebago County, Illinois. Accordingly, the parties would have greater access to sources of proof concerning both defendants in this action in Cook County, Illinois, than it would in the other venues preferred by defendants. Thus, the parties should be afforded the accessibility to that proof which Cook County, Illinois, provides.

The second private interest factor in this analysis concerns the location and availability of witnesses. Defendant American Steel argues that the trial court's order was proper because plaintiffs are residents of Lake County, Indiana, and were residents thereof at the time of the accident and because plaintiff Dale Hart was an employee of American Eagle located in Hammond, Indiana, at the time of the accident. Defendant Valspar contends that plaintiffs' only occurrence witnesses are employees of Trans Western Chemical Company in Commerce, California, and that plaintiffs' post-occurrence witnesses all reside in Indiana. Defendant Valspar further contends that compelling the testimony of these nonresidents would be expensive.

In spite of the above arguments and in light of our findings on the above issue, we conclude that this factor favors plaintiffs' choice of forum. Illinois is the situs of all of the evidence and witnesses to the alleged negligent manufacture, design and testing of the subject barrels. Witnesses who are personnel of defendant American Steel's Cook County, Illinois, plant would be more readily available to testify before the circuit court of Cook County. Furthermore, Dr. Doolas, a post-occurrence witness who afforded plaintiff Dale Hart surgical relief from his injury in a Cook County, Illinois, hospital is also the only witness who would testify that plaintiff Dale Hart sustained permanent injuries.

With respect to the factor of the possibility of a jury viewing the premises if an inspection would be appropriate to the action, we find that it would be appropriate for a jury to inspect the barrels alleged to be defective and possibly the premises of defendant American Steel's manufacturing plant. The subject barrels were manufactured by defendant American Steel in Cook County, Illinois. In addition, Dr. Doolas, who would testify as to the permanent nature of plaintiff Dale Hart's injuries, practices in Cook County, Illinois. Accordingly, the fac-

tor of ease of access to sources of proof weighs in favor of plaintiffs' chosen forum.

Defendants have failed to sustain their burden of showing that the private interest factors weigh so strongly in their favor as to justify a transfer of venue.

Next, an evaluation of the public interest factors is required. We will now discuss the first public interest factor of difficulties flowing from court docket congestion. Defendant Valspar maintains that the alternative forums of Winnebago County, Illinois, and Lake County, Indiana, have far fewer cases on their dockets than Cook County, Illinois, and that it takes much less time for a case to be set for trial in either of those forums. Similarly, defendant American Steel contends that the docket in Cook County, Illinois, is full to the extent that congestion is of great concern. Court docket congestion alone, however, is not sufficient to justify the transfer of a case to a forum other than one of the plaintiffs' choice. *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 114, 554 N.E.2d 209, 215; *Neofotistos v. Center Ridge Co.* (1993), 241 Ill. App. 3d 951, 957, 609 N.E.2d 806, 810.

Turning next to the factor of a local interest in having local controversies resolved by local courts, we find that it favors plaintiffs. Defendant American Steel contends that Indiana residents have a greater interest in resolving this controversy in Lake County, Indiana, and that these interests include compensation to a local resident claiming injury, keeping plaintiff off public aid and ensuring high standards of care by its physicians. Defendant Valspar makes no argument concerning this factor. Whether or not defendants are guilty of negligence would be of significant local interest.

We find that the State of Illinois, and specifically Cook County, has an interest in negligence and products liability actions against companies conducting business within its boundaries, because the citizens of Cook County have a great interest in insuring that safe products are produced by companies with manufacturing facilities located in Cook County, as well as insuring that any victims wrongfully injured by defective products manufactured within this forum are justly compensated. Defendant American Steel's manufacturing plant is located in Cook County, Illinois. The dispute arose over whether defendant American Steel was negligent in the manufacture, design or inspection of the barrels and whether defendant Valspar negligently filled and handled the barrels and whether it failed to properly test, inspect and load them onto the truck so as to avoid or detect any leakage. Arguably, Winnebago County, Illinois, Lake County, Indiana,

and the California county in which plaintiff was injured all have some interest in resolving this litigation; we cannot conclude, however, that simply because these counties have an interest in the case that their interest overrides plaintiffs' choice of forum.

With respect to the factor of the unfairness of burdening citizens in an unrelated forum with jury duty, defendant Valspar maintains that the community in Cook County, Illinois, has little or no relationship to the alleged occurrence and therefore jury duty should not be imposed upon its citizens. Similarly, defendant Valspar argues that Illinois taxpayers should not be obligated to pay for litigation benefitting nonresidents or be burdened by functioning as jurors for such cases. We disagree. In light of the above conclusion, we find that there is no unfair burden in imposing the responsibilities of jury duty on Cook County residents.

The relevant factors, when viewed in their totality, do not strongly favor dismissal under *forum non conveniens*. (See *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d at 105-06, 554 N.E.2d at 211-12; *Neofotistos v. Center Ridge Co.*, 241 Ill. App. 3d at 954-55, 609 N.E.2d at 808; *Grachen v. Zarecki* (1990), 200 Ill. App. 3d 336, 342, 558 N.E.2d 132, 136 (a plaintiff's choice of forum is entitled to less deference when the plaintiff is not a resident of the chosen forum; however, the factors when taken as a whole must still strongly favor a venue transfer).) Illinois courts have held that it is not an abuse of discretion for a court to deny a motion to transfer when plaintiff chose neither the county of his residence nor the situs of the injury as a forum. (*Schoon*, 207 Ill. App. 3d at 607-09, 566 N.E.2d at 722-24; *Hoffmeister v. K mart Corp.* (1989), 181 Ill. App. 3d 739, 743-44, 537 N.E.2d 460, 462.) Plaintiffs' choice of forum must therefore prevail as there has not been a strong balance of factors which favors a different choice of forum or demonstrates a hardship for the moving defendants.

For the above reasons, we find that the trial court abused its discretion in dismissing plaintiffs' cause on the grounds of *forum non conveniens*. The trial court's judgment is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

TULLY, P.J., and GRIEMAN, J., concur.