JOHN H. CANNING *et al.*, Plaintiffs-Appellants, v. FORREST L. BARTON *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—93—1179

Opinion filed June 30, 1994.

Mark G. Patricoski, of Law Offices of Bozich & Beran, of Palos Heights, for appellants.

John M. Coleman and Christopher E. Lawler, both of Coleman & O'Halloran, Ltd., of Chicago, for appellees.

JUSTICE THEIS delivered the opinion of the court:

Plaintiffs John and Judy Canning brought this action seeking recovery for personal injuries allegedly sustained when their vehicle struck the rear of a garbage truck which had been parked in a lane of moving traffic on a routine stop. Plaintiffs sued defendants, the owner and driver of the truck, for negligence and willful and wanton misconduct. At trial, after plaintiffs had concluded their case in chief, the court directed a verdict in favor of defendants as to two counts alleging willful and wanton misconduct. The principal issue raised on this appeal is whether the trial court properly granted defendants' motion for a directed verdict on these two counts. We believe that it did and affirm.

Plaintiffs originally filed their two-count complaint against the driver of the garbage truck, Forrest L. Barton, and the garbage truck owner, Browning-Ferris Industries of Illinois. Count I alleged that defendants acted negligently when they parked the truck on a controlled access highway; operated the truck in such a way that they unreasonably obstructed traffic; failed to keep a proper lookout while operating the vehicle; and neglected to operate flashing lights when engaged in service on a highway in order to alert other drivers of a

traffic hazard. Count I also alleged that as a direct and proximate result of the defendants' acts, John Canning sustained severe and permanent injuries over his whole body. In count II, Judy Canning sued for loss of consortium due to defendants' negligence.

On the eve of trial, plaintiffs amended their complaint to add two additional counts. In count III, John Canning alleged that defendant Barton committed willful and wanton acts when he (1) parked his garbage truck in a moving lane of traffic on La Grange Road, and (2) stopped the truck in a moving lane of traffic on La Grange Road without activating flashing lights, an audible warning signal, or using a flagman to warn oncoming motorists of unreasonably dangerous driving conditions. In count IV, Judy Canning charged defendants with willful and wanton misconduct in the context of her loss of consortium claim.

At trial, plaintiff John Canning testified that on the morning of September 2, 1987, he was driving a vehicle northbound in the left-hand lane of the four-lane divided highway, Route 45, also known as La Grange Road, in La Grange, Illinois. On this particular morning, the weather was clear and the roads were dry. Canning testified that he was familiar with the road, having driven along it many times during his commute to and from work.

After proceeding through the intersection at Plainfield Road, Canning noticed that a van approximately one car length ahead of him was swerving between the curb lane and the left-hand lane. Worried that the driver might be intoxicated, Canning glanced into his rear-view mirror to check whether he could move into the curb lane directly behind the van. Seeing no cars there, he moved his vehicle into the curb lane. Canning, however, did not notice that a garbage truck had been parked directly in front of his lane of traffic, along the curb side of the road. The right front of Canning's vehicle smashed into the left rear of the garbage truck. As a result of the collision, Canning suffered leg, neck, and wrist injuries.

Defendant Forrest Barton testified that on the day of the accident, he had parked the garbage truck for 10 minutes during a customary pickup route in front of a residence on La Grange Road. Barton also testified that the truck was equipped with flashing lights located both in front and in back of the vehicle.

Plaintiffs also presented testimony of Judith Canning; the investigating police officer, Lieutenant Patrick O'Connor; three treating physicians; and a neighbor, John Wolf, who was not an occurrence witness but who testified that the volume of traffic on the pertinent portion of Route 45 between 6 and 8 a.m. is very heavy.

After plaintiffs concluded their case in chief, defendants moved

for a directed verdict as to all counts. The trial court denied defendants' motion as to counts I and II, but granted the motion as to counts III and IV alleging willful and wanton misconduct.

At the conclusion of defendants' case in chief, plaintiffs moved for reconsideration of the motion for a directed verdict and orally moved the court for leave to file an amended complaint to conform the pleadings to proofs. The trial court denied both motions. In announcing his ruling on the motion for reconsideration, the trial judge explained that although plaintiffs had brought out some persuasive evidence during the defendants' case in chief, he could not consider such evidence for purposes of the motion for a directed verdict, which had to be decided based upon evidence presented at the close of plaintiffs' case. The trial judge added that plaintiffs were free to amend the complaint to conform to the proof in the negligence counts, but that they would not be permitted to amend the complaint concerning the willful and wanton misconduct counts. The court submitted the cause to the jury for consideration of counts I and II only, and the jury returned a verdict in favor of defendants.

This appeal followed.

## DISCUSSION

The question of whether defendant is liable for willful and wanton behavior is ordinarily a question of fact for the jury. (*Green v. Chicago Park District* (1993), 248 Ill. App. 3d 334, 341, 618 N.E.2d 514, 518.) When, however, all of the evidence viewed in a light most favorable to the opponent so overwhelmingly favors the movant that no other verdict could stand, the verdict should be directed. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14; *Poelker v. Warrensburg-Latham Community Unit School District No. 11* (1993), 251 Ill. App. 3d 270, 276, 621 N.E.2d 940, 946-47 (applying the *Pedrick* standard to the appeal of a directed verdict in action alleging willful and wanton breach of duty to supervise students).

■ It is well established that willful and wanton conduct includes tortious conduct which was performed intentionally. (See, *e.g.*, *Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 448, 593 N.E.2d 522, 530 (describing willful and wanton misconduct as conduct which " ' "approaches the degree of moral blame attached to intentional harm, since the defendant deliberately inflicts a highly unreasonable risk of harm upon others in conscious disregard of it" ' "), quoting *Loitz v. Remington Arms Co.* (1990), 138 Ill. 2d 404, 416, 563 N.E.2d 397, 402, quoting *Bresland v. Ideal Roller & Graphics Co.* (1986), 150 Ill. App. 3d 445, 457, 501 N.E.2d 830, 839.) The Illinois

Supreme Court has recently noted, however, that wanton and willful behavior may also be proved where the acts have been less than intentional. In *Ziarko v. Soo Line R.R. Co.* (1994), 161 Ill. 2d 267, 274, quoting *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300, the court explained that willful and wanton conduct may be shown "where there has been 'a failure, after knowledge of impending danger, to exercise ordinary care to prevent' the danger, or a 'failure to discover the danger through \*\*\* carelessness when it could have been discovered by the exercise of ordinary care.' " See also *McDermott v. Metropolitan Sanitary District* (1992), 240 Ill. App. 3d 1, 28, 607 N.E.2d 1271, 1287 (noting that willful and wanton acts reflect a "reckless disregard for the safety of others, and include the failure to use ordinary care to guard against an impending danger").

■ Plaintiffs argue that the trial court erred in directing a verdict on counts III and IV because they introduced evidence during their case in chief showing that defendants acted willfully and wantonly by parking a garbage truck in a "no parking" zone on a busy road during rush hour. Plaintiffs contend that defendants' action was "outrageous" and reflected an "utter indifference and conscious disregard" for the safety of plaintiff and other commuters.

When we view the evidence in a light most favorable to plaintiffs, as we must, we believe that the trial court correctly directed a verdict in favor of defendants on the willful and wanton counts. Plaintiffs did not show how defendants' act of parking their truck along the curb side of La Grange Road for a routine pickup of residential garbage reflected a reckless disregard for the safety of others. The evidence presented by plaintiffs did not suggest, for instance, that defendants knew of any impending danger resulting from their conduct, or that defendants could have discovered any impending danger through the exercise of ordinary care. The evidence presented by plaintiffs in their case in chief simply was not sufficient to withstand a motion for a directed verdict. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

■ Plaintiffs have also failed to show that the trial court erred in denying their motion for reconsideration. The purpose of a motion for reconsideration is to inform the court of any errors it has made and to provide an opportunity for their correction. (*Hart v. Valspar Corp.* (1993), 252 Ill. App. 3d 1005, 1009, 625 N.E.2d 220, 223.) Plaintiffs, however, have not identified any errors which would suggest that the trial court abused its discretion in denying the motion for reconsideration. See *Hart*, 252 Ill. App. 3d at 1010, 625 N.E.2d at 224.

We are also not persuaded by plaintiffs' contention that the trial court erred in denying their motion to amend their complaint prior to final judgment in order to "make more specific" allegations of defendants' willful and wanton conduct. The trial court has broad discretion in deciding whether to grant leave to file an amended complaint. (*People ex rel. Hartigan v. E&E Hauling, Inc.* (1992), 153 Ill. 2d 473, 505, 607 N.E.2d 165, 181; *Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 273, 586 N.E.2d 1211, 1216.) Plaintiffs here, however, neither tendered a proposed amended complaint to the trial court nor specified what evidence elicited at trial supported their cause of action for wanton and willful misconduct. In the absence of any proposed amended complaint or specific references to evidence in the record, we can only conclude that the trial judge did not abuse his discretion in denying this motion.

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.